IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RANDY AVILES**<br>    **Plaintiff,** | §<br>§<br>§<br>§ | |
| **vs.** | §<br>§<br>§ | **CIVIL ACTION NO.: 4:22-CV-03571**<br>**JURY TRIAL DEMANDED** |
| **RIGOBERTO SALDIVAR and**<br>**THE CITY OF PASADENA, TEXAS,**<br>    **Defendants.** | §<br>§<br>§ | |

### DEFENDANT RIGOBERTO SALDIVAR'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Rigoberto Saldivar ("Saldivar" or "Defendant"), a Defendant in the above-entitled and numbered matter, and file this his Original Answer to Plaintiff's Original Complaint ("Complaint"), and in support thereof would show the Court as follows:

### I.
### RESPONSE TO PLAINTIFF'S ORIGINAL COMPLAINT

1.      Defendant answers Plaintiffs' claims and allegations consistent with FED. R. CIV. P. 8(b), under which Defendant denies every claim, and Defendant denies each allegation except those, if any, Defendant expressly admits herein.

2.      Defendant admits that this Court has jurisdiction in this matter.

3.      Defendant admits that venue is appropriate in the Houston Division.

4.      Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

5.      Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

6.      Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

7.      Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

8.      In response to the allegations in Paragraph 12 of the Complaint, Defendant admits that he asked Plaintiff to not move and to get back into his vehicle.

9.      Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint.

10.     Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

11.     Defendant denies the allegations in Paragraph 15 of the Plaintiff's Complaint that Plaintiff was complying with officer orders and denies that he escalated the situation.

12.     Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

13.     In response to the allegations in Paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff began driving away from Defendant. Defendant denies that Plaintiff had his hands up as he was driving away. Defendant cannot admit or deny whether Plaintiff feared for his life.

14.     In response to the allegations in Paragraph 18 of Plaintiff's Complaint, Defendant admits that Defendant fired his gun at Plaintiff's vehicle. Defendant denies that Plaintiff posed no threat to Defendant or other innocent bystanders. Defendant alleges that Plaintiff's actions placed Defendant in serious and immediate harm of serious bodily injury as a result of Plaintiff's reckless driving and flee from arrest.

15.     In response to the allegations in Paragraph 19 of Plaintiff's Complaint, Defendant denies that his actions caused any injury to Plaintiff. Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

16.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

17.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

18.     In response to the allegations in Paragraph 22 of Plaintiff's Complaint, Defendant admits that he testified in an unrelated case in July of 2021. Defendant denies that plaintiff was "unarmed and driving away from him without posing any immediate threat to [Defendant]." Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

19.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint that both suspects were unarmed.

20.     Defendant admits the allegations in Paragraph 24 of Plaintiff's Complaint.

21.     Defendant denies the allegations in Paragraphs 25, 26, 27, 28, and 29 of Plaintiff's Complaint.

22.     Defendant admits the allegations in Paragraph 30 of Plaintiff's Complaint.

23.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

24.     Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

25.     Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

26.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraphs 34, 35, 36, 37, 38, 39, and 40 of Plaintiff's Complaint.

27.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

28.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint. Specifically, Defendant denies the allegations made in subparts (a) through (e).

29.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint. Specifically, Defendant denies the allegations made in subparts (A); (a) through (e) and subparts (B); (a) through (d).

30.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

31. Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint. Specifically, Defendant denies the allegations made in subparts (a) through (e).

32. Defendant denies the allegations in Paragraphs 46, 47, and 48 of Plaintiff's Complaint.

33. Statements of law in Paragraphs 50 and 51 of Plaintiff's Complaint do not call for any response from the Defendant.

34. Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint. Specifically, Defendant denies that Plaintiff posed no threat to Defendant's safety and that Defendant's actions were unreasonable.

35. Defendant denies the factual allegations in Paragraph 52 of Plaintiff's Complaint, including the allegation that Defendant violated any of Plaintiff's clearly established rights.

36. Defendant denies the factual allegations in Paragraphs 53 and 54of Plaintiff's Complaint.

37. Defendant omits Paragraphs 56 through 61 as those claims are not made against Defendant Saldivar individually.

38. Defendant denies that Plaintiff is entitled to the relief he seeks as alleged in the Prayer of Plaintiff's Complaint.

## II.
## AFFIRMATIVE DEFENSES

39. Defendant alleges that sovereign, qualified and official immunity protects him from liability in this matter.

40. Defendant will show that at all times relevant hereto, he acted reasonably under the circumstances with which he was presented. At all times, Officer Saldivar's actions were taken in good faith, within the scope of his discretionary authority and were objectively reasonable under the facts and circumstances existing in this case. As such, Officer Saldivar is entitled to qualified immunity under Federal law, barring Plaintiff's claims.

41. Defendant alleges that the incident made the basis of this lawsuit was caused by the criminal, and/or intentional and/or negligent actions of the Plaintiff.

42. Defendant alleges that an award of punitive damages under the facts and circumstances of this case would violate the constitutional rights of this Defendant under the applicable clauses of the United States and Texas Constitutions.

43. Plaintiff fails to state any set of facts that would warrant submission to a jury of a punitive damage instructions as to Officer Saldivar and such submission would violate Defendant's rights, both procedural and substantive due process, under the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Texas.

44. Plaintiff's Complaint, to the extent it seeks punitive damages, violates Defendant Saldivar's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Texas.

45. Defendant alleges that probable cause existed to arrest Plaintiff on the occasion in question and, therefore, Plaintiff cannot recover under his "wrongful arrest" allegations.

46. Defendant requests a JURY trial for all appropriate issues.

### III.
### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Rigoberto Saldivar prays that, after notice and hearing or trial, the Court enter judgment in favor of Defendant and award to Defendant his costs of court and such other and further relief to which this Defendant is entitled.

    Respectfully submitted,

    */s/ STEVEN D SELBE*
    STEVEN D. SELBE
    ATTORNEY IN CHARGE
    So. Dist. No.: 18003
    SBN: 18004600

5

sselbe@gordonrees.com

**KATELYNN DUANE ARMIJO**
So. Dist. No.: 3780504
SBN: 24116040
kdarmijo@gordonrees.com

**ATTORNEYS FOR DEFENDANT RIGOBERTO SALDIVAR**

**OF COUNSEL:**

**GORDON & REES, LLP**
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone: (713) 961-3366
Facsimile:  (713) 961-3938

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 14th day of November, 2022, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

 */s/ STEVEN D SELBE*
STEVEN D. SELBE