IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY AVILES, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:22-cv-03571 |
| v. | § § § | |
| RIGOBERTO SALDIVAR & CITY OF PASADENA, TEXAS, | § § § § | |
| *Defendants*. | § | |

### CITY OF PASADENA'S REPLY TO PLAINTIFF'S RESPONSE TO THE CITY'S MOTION TO DISMISS

Defendant, City of Pasadena, Texas, files its reply to Plaintiff's response [Doc. 9] to the City's motion to dismiss [Doc. 7].

TABLE OF CONTENTS

Table of Contents ........................................................................................................................ ii

Table of Authorities .................................................................................................................. iii

Argument & Authorities ............................................................................................................ 1

I. Plaintiff fails to allege facts in his complaint that satisfy the pleading standard required to state a plausible claim for relief against the City of Pasadena. ....................... 1

II. The factual allegations Plaintiff pleads fail to plausibly show deliberate indifference of the City's policymaker or an unconstitutional City custom of protecting officers during internal investigations. ............................................................................................ 2

III. The factual allegations Plaintiff pleads fail to plausibly show a City policy of failing to train or supervise officers. ...................................................................................... 4

IV. The factual allegations Plaintiff pleads fail to plausibly show a City policy of failing to discipline officers. ................................................................................................. 5

V. The factual allegations Plaintiff pleads fail to plausibly show a City custom or policy was the moving force that directly caused a violation of the Plaintiff's rights. ................ 6

Conclusion .................................................................................................................................. 6

Certificate of Word Count ........................................................................................................ 7

Certificate of Service .................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 1, 2

*Benavides v. County of Wilson*,
  955 F.2d 968 (5th Cir. 1992) ..................................................................................... 5

*Brown v. Bryan County*,
  219 F.3d 450 (5th Cir. 2000) ..................................................................................... 4

*Conner v. Travis County*,
  209 F.3d 794 (5th Cir. 2000) ..................................................................................... 5

*Cuviller v. Sullivan*,
  503 F.3d 397 (5th Cir. 2007) ..................................................................................... 1

*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ................................................................................ 3, 6

*Hunter v. City of Hous.*,
  564 F. Supp. 3d 517 (S.D. Tex. 2021) (J. Eskridge, United States District
  Judge) ....................................................................................................................... 5

*James v. Harris County*,
  577 F.3d 612 (5th Cir. 2009) ..................................................................................... 6

*Martinez v. Maverick County*,
  507 Fed. Appx. 446 (5th Cir.), *cert. denied*, 2013 U.S. LEXIS 4806 (2013) ............ 5

*O'Neal v. City of San Antonio*,
  344 Fed. Appx. 885 (5th Cir. 2009) .......................................................................... 5

*Peña v. City of Rio Grande City*,
  879 F.3d 613 (5th Cir. 2018) ..................................................................................... 4

*Peterson v. City of Fort Worth*,
  588 F.3d 838 (5th Cir. 2009) .................................................................................. 2, 3

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001) ............................................................................. 2, 3, 6

*R2 Investments LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) ..................................................................................... 1

*Roberts v. City of Shreveport*,
    397 F.3d 287 (5th Cir. 2005) ...................................................................................5

*Vulcan Materials Co. v. City of Tehuacana*,
    238 F.3d 382 (5th Cir. 2001) ...................................................................................1

*Webster v. Houston*,
    735 F.2d 838 (5th Cir. 1984) ...................................................................................2

*Zarnow v. City of Wichita Falls*,
    614 F.3d 161 ............................................................................................................5

ARGUMENT & AUTHORITIES

**I.     Plaintiff fails to allege facts in his complaint that satisfy the pleading standard required to state a plausible claim for relief against the City of Pasadena.**

1.      In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court enunciated the pleading standard required for a plaintiff to state a plausible claim for relief. "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679. Instead, a complaint "must be supported by **factual allegations**." *Id.* Factual allegations in a complaint must "raise a right to relief above the speculative level." *Cuviller v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007). The Court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (*quoting Southland Sec. Corp. v. Inspire Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

2.      Merely listing generalized legal standards, without providing substantive factual matter to support them does not state a claim for relief. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has **facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**." *Id.* at 678 (emphasis added).

3.      "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

> Determining whether a complaint states a plausible claim for relief will, [], be a **context-specific task** that **requires** the reviewing **court to draw on its judicial experience and common sense**. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted) (emphasis added).

4. The arguments Plaintiff presents in his brief fail to analyze the factual allegations in the lawsuit complaint under the commonsense plausibility standard. *See id.* Plaintiff essentially seeks to invoke four claimed legal theories of municipal liability which all depend on the same predicate argument that had the City discharged police officer Rigoberto Saldivar after he shot Nathan Schenk, Officer Saldivar would not have shot Plaintiff Aviles. However, regardless of the legal theory asserted, the predicate allegation that one police officer shot one person before the officer later shot a plaintiff fails to show that the City has an unconstitutional policy.

5. Where prior incidents are used to prove a pattern, "they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Webster v. Houston*, 735 F.2d 838, 842 (5th Cir. 1984). "A pattern also requires sufficiently numerous prior incidents, as opposed to "isolated instances."" *Peterson v. City of Fort Worth,* 588 F.3d 838, 842 (5th Cir. 2009) (internal citations omitted).

**II.   The factual allegations Plaintiff pleads fail to plausibly show deliberate indifference of the City's policymaker or an unconstitutional City custom of protecting officers during internal investigations.**

6. Plaintiff does not to plead a "widespread practice...that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Two shootings by the same officer simply do not show a

"**widespread practice** that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson,* 588 F.3d at 847 (emphasis added).

7.     Furthermore, a contextually sound analysis, based on judicial experience and commonsense, of the facts Plaintiff pled in his complaint does not plausibly show the City has an accepted custom of rubber-stamping unreasonable Pasadena police shootings. To the contrary, Plaintiff alleges "Detective Michael Cooper of the Pasadena Police Department investigated Officer Saldivar's shooting of Mr. Schenk," in the first shooting. [Doc. 1, ¶ 30]. The following paragraphs of the complaint plainly reveal that City police investigators confronted Officer Saldivar regarding his report of the facts during the City's investigation of the Schenk shooting. [Doc. 1, ¶¶ 31-33]. Ultimately, City police detective Michael Cooper assigned to investigate the Schenk shooting expressed his opinion Officer Saldivar was not justified in shooting Schenk. [Doc. 1, ¶¶ 34-38]. Detective Cooper expressed his opinion the Schenk shooting was not justified, and the basis for his opinion, to supervisors and administrators of the police department who disagreed with Detective Cooper's opinion in this regard. [Doc. 1, ¶¶ 36-41].

8.     The Plaintiff's complaint that all the City's police personnel did not unanimously agree with Detective Cooper's opinion regarding the propriety of the Schenk shooting certainly does not show an unconstitutional City custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 581-82; *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Particularly, when supervisors and administrators of the police department had assigned Detective Cooper to investigate the Schenk shooting and were informed of Detective Cooper's opinion and his basis for reaching the opinion.

9.  If the City had a custom of protecting officers during internal police investigations, ostensibly Detective Cooper would be aware of that custom and the custom would have guided his investigative procedures and conclusions. Likewise, if the City had such a custom that Detective Cooper was unwilling to follow, it would seem the City would assign no one, or at some other person to investigate the Schenk shooting. Plaintiff's allegations do not plausibly show that the City has a custom of protecting officers who violate rights.

### III. The factual allegations Plaintiff pleads fail to plausibly show a City policy of failing to train or supervise officers.

10. All of Plaintiff's other claims derive from the predicate of the purported custom claim discussed on the preceding section. The Plaintiff's derivative legal theories, likewise, fail due to lack of the necessary factual predicate. Plaintiff's failure-to-train or supervise theory requires a plaintiff to prove that "1) the [city] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Thompson v. Uphsur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)).

11. To the extent, if any, that Plaintiff has asserted a claim based on an alleged City policy of failing to train or supervise officers that is distinct from Plaintiff's custom claim, these theories of liability demand factual allegations which show that officers receive **no training, supervision, or discipline** whatsoever. *See Peña* 879 F.3d at 624; *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir. 2000).

12. Plaintiff's allegations do not show a plausible claim under any of these "failure to provide any" theories. As discussed *supra*, City police investigators, supervisors, and

4

administrators provided some supervision and training to Officer Saldivar during the Schenk investigation. [Doc. 1, ¶¶ 30-41].

13. Moreover, "a plaintiff must [also] allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). The complaint contains no allegation which shows that the standard police training all police officers in Texas receive through the Texas Commission on Law Enforcement is constitutionally inadequate. *Compare, Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171; *Martinez v. Maverick County*, 507 Fed. Appx. 446, 448-49 (5th Cir.), *cert. denied*, 2013 U.S. LEXIS 4806 (2013); *O'Neal v. City of San Antonio*, 344 Fed. Appx. 885, 888-89 (5th Cir. 2009); *Roberts*, 397 F.3d at 293; *Pineda*, 291 F.3d at 334; *Conner v. Travis County*, 209 F.3d 794, 798 (5th Cir. 2000); *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992).

14. The factual allegations Plaintiff pleads fail to plausibly show a City policy of failing to train or supervise officers.

**IV. The factual allegations Plaintiff pleads fail to plausibly show a City policy of failing to discipline officers.**

15. "Failure to discipline isn't a common claim, with the Fifth Circuit appearing to have addressed it only eight times in the last twenty years." *Hunter v. City of Hous.*, 564 F. Supp. 3d 517, 529 (S.D. Tex. 2021) (J. Eskridge). The essential elements of a failure to discipline claim are (1) the City failed to discipline its employees; (2) that failure to discipline amounted to deliberate indifference; and (3) the failure to discipline directly caused the constitutional violations in question. *Hunter*, 2021 U.S. Dist. LEXIS 186585, 2021 WL 4481092 at *8 (*citing Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009)).

16. To the extent, if any, this claim that is derivative of the custom claim and distinct from the failure to supervise claim, no factual allegation plausibly shows a City policy of failing to discipline officers. As discussed in the preceding paragraphs, factual allegations regarding one police officer's action in two incidents does not show widespread conduct sufficient to establish a City policy, and does not suffice to show deliberate indifference of the City's policymaker. Again, the Plaintiff's conclusory argument complaining that all of the City's police personnel did not unanimously agree with Detective Cooper's opinion regarding the propriety of the Schenk shooting does not show an unconstitutional failure to discipline Officer Saldivar. *See Piotrowski*, 237 F.3d at 581-82; *Fraire*, 957 F.2d at 1278.

**V. The factual allegations Plaintiff pleads fail to plausibly show a City custom or policy was the moving force that directly caused a violation of the Plaintiff's rights.**

17. Plaintiff does not even argue any basis for showing that any City policy or custom alleged was the moving force that directly caused a violation of Plaintiff's rights. *See James v. Harris County*, 577 F.3d 612, 618-619 (5th Cir. 2009). Which is understandable sine the complaint contains no factual allegation supporting such an argument. Plaintiff has not shown culpability of the City that is required to state a claim against the City. *See Piotrowski*, 237 F.3d at 578-81.

CONCLUSION

18. For these reasons, Defendant City of Pasadena, Texas moves the Court to dismiss the claims asserted against the City.

                                                    Respectfully submitted,
                                                   */s/ Norman Ray Giles*
                                                   William S. Helfand
                                                   Attorney-in-Charge

                                          Texas Bar No. 09388250
                                          S.D. Tex. Bar No. 8791
                                          Norman Ray Giles
                                          Texas Bar No. 24014084
                                          S.D. Tex. Bar No. 26966
                                          Randy E. Lopez
                                          Texas Bar No. 24091829
                                          S.D. Tex. Bar No. 3369137

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant
City of Pasadena, Texas

## CERTIFICATE OF WORD COUNT

I hereby certify that this motion is 1,789 words based upon the word-processor register. This word count does not include the case caption, table of contents, table of authorities, signature block or certificates.

                                                        /s/ *Norman Ray Giles*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on December 28, 2022.

    Larry Taylor & Dimitri Dube
    The Cochran Firm
    1825 Market Center Boulevard
    Suite 500
    Dallas, Texas
    Ltaylor@CochranTexas.com
    Dd601@nyu.edu
    *Attorneys for Plaintiff*

Steven D. Selbe
Gordon Rees Scully Mansukhani
TransWestern Tower
1900 West Loop South
Suite 1000
Houston, Texas 77027
sselbe@grsm.com
*Attorney for Officer Rigoberto Saldivar*

                                             */s/ Norman Ray Giles*