# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY AVILES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-03571 |
| | § | |
| RIGOBERTO SALDIVAR, | § | |
| CITY OF PASADENA, TX | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT PASADENA'S RESPONSE**

COMES NOW, Plaintiff Randy Aviles, and files this, his Sur-Reply to Defendant's Reply on the Motion to Dismiss.

## I.

In its Reply, Pasadena contends that the "predicate allegation that one police officer shot one person before the officer later shot a plaintiff fails to show that the City has an unconstitutional policy." Pasadena's argument is wrong in two significant ways.

First, Plaintiff does not allege that Pasadena is liable under *Monell* solely because Defendant Officer Saldivar shot Mr. Schenck before he shot Plaintiff Aviles. Rather, Plaintiff alleges that Pasadena is liable under *Monell* (in part) because: (1) Officer Saldivar shot Nathan Schenck in the back while Schenck was unarmed and moving away from Saldivar in November 2018; (2) Pasadena Chief of Police learned that Officer Saldivar had shot Mr. Schenck in the back while he was unarmed by viewing a video of the shooting and being told by the lead detective that Saldivar was not justified in shooting Schenck; and (3) Pasadena Chief of Police made the decision to do nothing to discipline, train, or supervise Defendant Officer Saldivar after becoming aware that Saldivar had used unconstitutionally excessive force to shoot an unarmed man in the back.

Second, Pasadena's reply brief misstates the law because *Monell* does not require Plaintiff to prove that Pasadena has an unconstitutional policy. *Monell* only requires Plaintiff to prove the existence of a Pasadena policy that was deliberately indifferent to the likelihood that Saldivar would violate Plaintiff's constitutional rights and was the moving force behind any such violation. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). Plaintiff has unquestionably alleged the existence of a City of Pasadena policy because *Monell* permits a plaintiff to prove municipality policy by pointing to a decision by an authorized policy-maker. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Here, Plaintiff has alleged that Pasadena's Chief of Police was an authorized policy-maker. Thus, Pasadena's police chief's decision to not terminate or discipline Saldivar and/or maintain him on the police force without any additional training or supervision constituted official policy of the City of Pasadena.[1] *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986) ("A plaintiff can establish a "policy" for *Monell* purposes by pointing to a "decision to adopt [a] particular course of action [if] properly made by [a municipality's] authorized decisionmakers.")

---

[1] Pasadena incorrectly suggests through out of context quotes from other *Monell* decisions that Plaintiff needed to prove a pattern of widespread abuses and/or show deficiencies in the training and discipline of their entire police force to establish the City's official policy. *Monell* case law is clear that alleging persistent widespread practices is an alternative method to prove municipal policy that is not necessary where Plaintiff has already shown official policy through a decision by an authorized official. Indeed, in each of the cases that Pasadena cites, there was no allegation or proof that the Chief of Police of those police departments had himself directly participated in the implementation of the policy that had caused the violation of those Plaintiff's constitutional rights.

To be clear, Plaintiff has also pleaded a separate claim that Pasadena had a custom and practice of sham investigations into police shootings. In its Reply, Pasadena suggests that it could not be held liable because one detective bucked that custom. That argument ignores the fact that this detective was ignored, sidelined, and the official investigation exonerated Officer Saldivar in spite of the fact that he violated Pasadena's own use of force policies.

Plaintiff also meets the other elements for Pasadena's *Monell* liability because he has alleged that Pasadena's Chief of Police's policy decision to not discipline, supervise, or train Saldivar was deliberately indifferent to the likelihood that Officer Saldivar would violate the constitutional right of others because it was highly predictable that an officer who would so flagrantly violate a basic tenet of constitutional policing—to not shoot unarmed civilians in the back—would do so again unless they were disciplined in a manner that would prevent them from doing so (i.e. terminated) or retrained and/or supervised to protect the public.[2] Finally, Plaintiff also alleged that Pasadena's Chief of Police's policy decision was the moving force behind his shooting of Plaintiff Aviles because the fact that Saldivar suffered no consequences for violating constitutional use of force standards and Pasadena's use of force policies in the Schenck shooting emboldened him to believe that he would likewise suffer no consequences for shooting Plaintiff Aviles. These allegations are plainly sufficient establish the City's *Monell* liability.

---

[2] Pasadena also erroneously contends in its Reply that Plaintiff needed to plead that Saldivar received no training, supervision, or discipline whatsoever in order to succeed on his claim. As an initial matter, Plaintiff has pled that Saldivar received no training, supervision, or discipline in response to shooting Schenck. Thus, even if that were the standard, Plaintiff would still succeed. However, Pasadena has misstated the law yet again. Plaintiffs only need to plead that the officer received no training, supervision or discipline in single incident cases where no prior incidents provided the municipality with prior notice of the potential for a constitutional violation involving that officer. *See Brown v. Bryan County*, 219 F.3d 450 (5th Cir. 2000). This is clearly not the case here, as the Schenck shooting clearly provided Pasadena with notice regarding the dangers presented by Saldivar.

Respectfully submitted,

THE COCHRAN FIRM

*/s/ Larry Taylor*
Larry Taylor
SBN: 24071156
ltaylor@cochrantexas.com
Dimitri Dube
SBN: 24068944
ddube@cochrantexas.com
1825 Market Center Blvd.
Suite 500
Dallas, Texas 75207
Telephone: (214) 651-4260
Fax: (214) 651-4261
**COUNSEL FOR PLAINTIFF RANDY AVILES**

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed this document with the Clerk of this Court and served all counsel of record by using the CM/ECF system, on January 1, 2023.

Mr. Steven D. Selbe
Gordon Rees Scully Manukhani, LLP
3D/International Tower
1900 W. Loop S #1000
Houston, Texas 77027

Mr. Norman Giles
Lewis Brisbois
24 Greenway Plaza
Suite 1400
Houston, Texas 77046

/s/ *Dimitri Dube*
DIMITRI DUBE