IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY AVILES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-03571 |
| | § | |
| RIGOBERTO SALDIVAR, | § | |
| CITY OF PASADENA, TX | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE CITY OF PASADENA**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Randy Aviles ("Mr. Aviles" or "Plaintiff"), and files this *Motion to Compel Discovery Responses From the City of Pasadena*, and would respectfully show the Court the following:

**I.**

**BACKGROUND**

*The Lawsuit*

On January 21, 2021, City of Pasadena Police Department Officer Rigoberto Saldivar shot at Plaintiff's Randy Aviles's vehicle ten times as it drove away, hitting Mr. Aviles three times, and permanently disabling his left arm. This was not Defendant Saldivar's first use of unreasonable and unconstitutional excessive force. In 2018, Defendant Saldivar shot an unarmed Nathan Schenck three times in the back, killing him. The detective investigating the shooting determined the Schenck shooting was not justified. However, his superiors, including the Pasadena Chief of Police directly, decided that Defendant's Saldivar killing of Mr. Schenck by shooting him in the

back did not warrant termination or even any discipline at all. In fact, they gave him a promotion within a year of the shooting.

Plaintiff brought suit against Mr. Saldivar and the City for the injuries he sustained from that shooting. Against the City, Plaintiff alleges that their failure to retrain, discipline or terminate Mr. Saldivar after the Schenck shooting was done with deliberate indifference to the constitutional rights of others and was a moving force behind Saldivar's shooting of Aviles because he would not have been in position to shoot Mr. Aviles had he been disciplined or terminated after killing Mr. Schenck. As such, the City is subject to *Monell* liability for the injuries Plaintiff suffered. In addition, Plaintiff alleged a separate *Monell* claim asserting that the City had a custom and/or pattern/practice of tolerating unconstitutional use of excessive force, and that this custom and/or pattern/practice resulted in Saldivar shooting Plaintiff Aviles.

*Pasadena's Discovery Violations*

On May 24, 2023, Plaintiff Aviles propounded interrogatories and requests for interrogatories to Defendant City of Pasadena to obtain information in support of his custom/policy claims. The Interrogatories and RFPs sought information regarding past shootings by the City of Pasadena police department, the investigation of these shootings, the City's disciplining of officers in past shootings, and communications between relevant members of the Pasadena Police Departments regarding Officer Saldivar, the shootings Mr. Aviles and Schenck, and past shootings and investigations.

Plaintiff granted Defendant two extensions in good faith so Pasadena could respond to the discovery requests. Plaintiff also provided Defendant a list of search terms for each relevant custodian for the Request and Interrogatories that sought communications of these individuals.

Nevertheless, on July 7, 2023, Defendant Pasadena served responses to Plaintiff's Request

for Productions and Interrogatories that were deficient in several ways:

- First, Pasadena did not produce a single video of any of the 13 instances where a Pasadena police officer shot a citizen in the ten years preceding Mr. Aviles' shooting. Pasadena failed to produce these videos despite Plaintiff's explicit request for these video in Request for Production 1.

- Second, in response to Interrogatories (#5 & 15) and Requests for Production (#3 &9) seeking information and documents on (1) uses of force by Pasadena police officers that have resulted in deaths and (2) internal audits and investigations regarding Pasadena police officers use of force, Pasadena wrongfully asserted an objection under Texas Local Government Code 143.089(g). Pasadena also asserted that these requests did not seek information that was relevant to any claim or defense. Pasadena did not provide any information responsive to these requests. As an initial matter, instances of prior misconduct and killings by Pasadena police officers are clearly relevant to Plaintiff's custom and pattern/practice Monell claims. Additionally, courts have routinely held that 143.089(g) is merely a privilege from disclosure under public information requests that does not apply to shield litigants from their discovery obligations.

- Third, Pasadena wrongfully objected to Requests seeking communications of a relevant set of custodians regarding Officer Saldivar and the Aviles and Schenck shooting. Further, Pasadena did not produce a single document evidencing any of these communications. Pasadena failed to produce these documents despite Plaintiff providing its counsel with a list of search terms to help the City conduct a reasonable search for the responsive documents. Pasadena also did not explain how

      this information, which is at the core of Plaintiff's efforts to establish the culture and customs of the Pasadena police department, would be unduly burdensome to produce.[1]

- Fourth, Pasadena objected to Interrogatories and Requests seeking the identification of past lawsuits against the City and its personnel for use of excessive force, the initiating documents in these lawsuits, and transcripts of any depositions of the people involved in the investigation of the Aviles and Schenck shootings. The City failed to produce this information and documents despite the fact that they are routinely produced in 1983 litigation. Instead, they wrongly stated that these materials were equally available to Plaintiff and that producing the documents would deprive Court reporters of their earnings. Importantly, Pasadena did not state that these materials were not in its possession, custody, and control, which would belie the notion that the information was equally available to Plaintiff. They also provide no basis for their court reporter's earning exception to the discovery rules.

*See* Exhibit 1 & 2 Defendants Responses to Plaintiff's Interrogatories and Request for Production of Documents.

      In Response to these deficient responses, Plaintiff sent defense counsel an email requesting a conference regarding the deficient responses on or before July 14, 2023. *See Exhibit 3*. (Email to Pasadena counsel). Pasadena's counsel did not respond. On Monday, July 10, 2023, Plaintiff sent Pasadena a letter identifying the specific deficiencies in their responses. *See Exhibit 4* (Deficiency Letter). As of this filing, Pasadena has not responded to either message. Plaintiff therefore requests an order from this Court compelling Pasadena to respond to these Interrogatories

---

[1] Pasadena did object that the time range for these Requests were undefined in the Requests. Plaintiff responded to that objection by providing Pasadena with a narrow time range for each Request.

and Requests.

## II.

## ARGUMENT AND AUTHORITY

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 470 (N.D. Tex. 2005)(citations omitted). Where the discovery requests at issue appear relevant, the party resisting discovery bears "the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Merrill*, 227 F.R.D. at 470-71 (quoting *Scott,* 190 F.R.D. at 585); *see also Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("The party resisting discovery must likewise articulate specifically how each discovery request is not relevant or is overly broad, burdensome.

Under Federal Rule of Criminal Procedure 37(a)(1), a party may move for an order compelling disclosure or discovery after it has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery. Specifically, a party seeking discovery may move for an order "compelling an answer, designation, production or inspection," if "a party fails to answer an interrogatory submitted under Rule 33," or if "a party fails to produce documents… as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii); Fed. R. Civ. P. 37(a)(3)(B)(iv). Furthermore, "an evasive or incomplete disclosure, answer, or response must be treated as a failure

to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### A. THE COURT SHOULD ORDER PASADENA TO PRODUCE THE VIDEOS OF THE SHOOTINGS IDENTIFIED

Plaintiff's Request for Production 1 sought documents and videos related to any police shootings by a City of Pasadena officer within the previous ten years. In Response the City provided Plaintiff with documents related to its 13 shootings in that span, but did not provide Plaintiff with any videos of these shootings. The City made no objections or other explanation for their failure to produce these videos. Nor did they claim that production of these videos were forthcoming in a supplemental production. The City's failure to produce these videos therefore violates its discovery obligations to produce materials responsive to Plaintiff's requests. These videos are certainly highly relevant for the jury's ultimate assessment of whether Pasadena officers have used excessive force in the past without appropriate discipline from the City. Evidence of such prior misconduct are routinely discoverable in 1983 litigation.

### B. THIS COURT SHOULD ORDER PASADENA TO PRODUCE DOCUMENTS RELATING TO PRIOR DEATHS FROM USE OF FORCE BY PASADENA OFFICERS & AUDITS RELATED TO USES OF FORCE

Plaintiff's Interrogatory 5 asked Pasadena to identify and provide basic information regarding each and every death that occurred during or subsequent to a use of force by a Pasadena police officer from January 1, 2011 to January 12, 2021. Interrogatory 15 asked Pasadena to identify all audits and internal investigations conducted regarding the use of force by Pasadena police officers during that time.[2] RFPs 3 & 9 sought documents related to the Responses to the Interrogatories. In Response, Pasadena did not provide any interrogatory answers or produce any documents. Instead, Pasadena asserted: "This request seeks information over a period of 10

---

[2] Plaintiffs' Interrogatory 14 and RFP 8 had asked for all documents related to all discipline received by Pasadena police officers. Plaintiff withdraws this Interrogatory and Request at this time.

years that is not proportional to the needs of the case, protected by confidentiality statute Texas Local Government Code § 143.089(g), and not relevant to any claim or defense."

Pasadena's objections to these Requests are wholly without merit. Nothing in the discovery rules limit Plaintiffs to obtaining discovery within ten years of the incident. In any event, Plaintiff's requested time period is merely ten days more than 10 years. With respect to relevance, Plaintiff's request regarding prior use of force deaths, internal investigations and audits of use of force in the City of Pasadena are clearly relevant to his custom and pattern/practice *Monell* claims. *See Roque v. City of Austin,* 1-17-CV-00932-LY (W.D. Tex. Nov. 7, 2018)(holding that such information are highly relevant to Plaintiff's Monell claim and providing a string of cases allowing such productions). Finally, Texas Local Government Code § 143.089(g) is a state law privilege that protects against disclosure in public information requests. However, Texas Local Government Code § 143.089(g) does not apply to shield from their discovery obligations. Several federal district court discussions have explicitly overrule this specific objection in 1983 cases. *See Ambler v. Nissen,* 1:20-CV-1068-LY (January 26, 2023)("The Court agrees with Plaintiffs that Texas Local Government Code §143.089 does not apply in federal court.")(citing to In *Roque v. City of Austin*, No. 1-17- CV-00932-LY, 2018 WL 5848988, at *2 (W.D. Tex. Nov. 7, 2018)).

The Court should therefore order Pasadena to produce these documents to Plaintiff immediately.

### C. PASADENA SHOULD BE REQUIRED TO PRODUCE THE COMMUNICATIONS REQUESTED BY PLAINTIFF'S RFP

Plaintiff's Request for Production 10-25 seek the communications of the following Pasadena Police personnel: Chief Josh Bruegger, Assistant Chief Rick Styron, Lieutenant Craig Hamilton, Detective Michael Cooper, S.S. Skripka, Sergeant Gary White that relate to Rigoberto

Saldivar, the shooting of Randy Aviles and the shooting of Nathan Schenck. Pasadena did not produce a single document in response to this Request. Instead, Pasadena asserted: "This request seeks information over a period of 10 years that is not proportional to the needs of the case, protected by confidentiality statute Texas Local Government Code § 143.089(g), and not relevant to any claim or defense."

In Response to Pasadena's objections, Plaintiff clarified that the relevant time range for the request for communications relating to Officer Saldivar is from October 16, 2017 to October 16, 2022 and that the relevant time range for the request for communications relating to the death of Nathan Schenck and shooting of Randy Aviles is from the date of the shootings to October 16, 2022. That clarification therefore resolves the first of Pasadena's objections.

The remainder of Pasadena's objection are without merit. In the section above, Plaintiff has already cited to relevant case law holding that Texas Local Government Code § 143.089(g) does not excuse litigants from their discovery obligations. Pasadena's relevance objections are equally meritless. The communications related to Mr. Saldivar, the death of Mr. Schenck, and shooting of Mr. Aviles are directly related to the lawsuit and the claims therein. Indeed, they are at the core of the matters set forth in the complaint. Defendants similar to Pasadena have previously been ordered to produce similar communications in other 1983 litigation. *See Roque v. City of Austin,* 1-17-CV-00932-LY (W.D. Tex. Nov. 7, 2018)(ordering the production of communications related to Plaintiff and his death after identification of relevant custodians as Plaintiff has already done here).

### D. THIS COURT SHOULD ORDER PASADENA TO IDENTIFY PAST LITIGATION INVOLVING USE OF EXCESSIVE FORCE AND PRODUCE THE RELEVANT DOCUMENTS AND DEPOSITION TRANSCRIPS REQUESTED BY PLAINTIFFS

Plaintiff's Interrogatory 9 asks Pasadena to Identify all petitions, complaints, lawsuits, or legal

action filed between January 1, 2011 to present where there was an allegation that a Pasadena police department officer or employee used excessive force in effecting an arrest or seizure. Interrogatory 10 asks for petitions, complaints, and lawsuit asserting a Monell liability claim related to the use of excessive force. RFPs 9&10s ask for copies of such documents and any deposition transcripts of the aforementioned individuals involved in the investigation of the Schenck and Aviles shootings. Pasadena has responded that producing these documents would be unduly burdensome because they are equally available to Plaintiff. They also assert an unknown privilege to protect the earnings of court reporters.

Pasadena's objection that these documents are equally available to Plaintiff is meritless. Pasadena as the litigant who had to defend these claims knows of these suits and has a record of them. To be clear, Pasadena's objections does not assert that they are in possession, custody or control of the responsive information and documents. Per the Federal Rules, they have an obligation to produce these documents.

Pasadena's claim that it would be burdensome to produce the litigation documents and transcripts should also be rejected. As an initial matter, Pasadena has not provided any evidence regarding the burdens of producing the requesting documents as is required under FRCP 34. *See* Heller v. City of Dall., No. 3:13-cv-4000-P (N.D. Tex. Nov. 12, 2014) ("A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive. This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.")

Assuming arguendo that it would be burdensome for Pasadena to produce these documents, good cause nevertheless exists to require their production. As with the documents on past deaths and

prior misconduct, documents relating to past excessive force allegations against Pasadena and its officers are crucially relevant to Plaintiff's custom and pattern/practice claims. *See Roque v. City of Austin,* 1-17-CV-00932-LY (W.D. Tex. Nov. 7, 2018)(holding that such information are highly relevant to Plaintiff's Monell claim and providing a string of cases allowing such productions). The importance of these documents to Plaintiff's claims alone to require the City to produce these documents. *Id.* In any event, Plaintiff has no other means to acquire these documents as Pasadena has not even identified these suits. To the extent that Pasadena has these documents in their custody, possession, and control, they must be produced.

## IV.

## CONCLUSION

Based on the foregoing, Pasadena has clearly failed to fulfill their discovery obligations under Fed R. Civ. P. 33 and 34. Despite Plaintiff's good faith attempts to address these discovery issues, Pasadena has failed to engaged in any effort to resolve these issues. Plaintiff now requires the assistance of this Court to ensure that Padadena disclose all relevant and discoverable information for the litigation of all claims and issues involved in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court grant its motion to compel and issue an order:

1. Compelling Pasadena to respond Plaintiff's First Set of Interrogatories and First Set of Request for Production of Documents within five (5) days of the Court's order granting this motion
2. granting any other and further relief that the Court deems just and proper.

Respectfully submitted,

                Respectfully submitted,

                /s/ Dimitri Dube
                Dimitri Dube
                State Bar No. 24068944 Dimitri Dube PC
                325 N. St. Paul, Suite 2750
                Dallas, TX 75201
                972.975.2010 fax
                dd601@nyu.edu

                Dimitri Dube

                ATTORNEY FOR DEFENDANT

### CERTIFICATE OF CONFEERNCE

I certify that I have attempted to confer with counsel for the City via email on two occasions and have received no response.

                /s/ Dimitri Dube
                Dimitri Dube

### CERTIFICATE OF SERVICE

The foregoing has been served via ECF.

                /s/ Dimitri Dube
                Dimitri Dube