IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY AVILES, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:22-cv-03571 |
| | § | |
| v. | § | |
| | § | |
| RIGOBERTO SALDIVAR & CITY OF PASADENA, TEXAS, | § | |
| | § | |
| *Defendants*. | § | |

PASADENA'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The City of Pasadena, Texas, serves its responses to Plaintiff's First Set of Interrogatories as follows:

                                                  Respectfully submitted,

                                                  *Norman Ray Giles*

                                                  William S. Helfand
                                                  Attorney-In-Charge
                                                  Texas Bar No. 09388250
                                                  S.D. Tex. Bar No. 8791
                                                  Norman Ray Giles
                                                  Texas Bar No. 24014084
                                                  S.D. Tex. Bar No. 26966
                                                  Randy E. Lopez
                                                  Texas Bar No. 24091829
                                                  S.D. Tex. Bar No. 3369137

OF COUNSEL:

LEWIS BRISBOIS BISGAARD SMITH LLP
24 Greenway, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant
City of Pasadena, Texas

95333973.4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by e-mail on July 7, 2023.

> Larry Taylor & Dimitri Dube
> The Cochran Firm
> 1825 Market Center Boulevard
> Suite 500
> Dallas, Texas
> ltaylor@CochranTexas.com
> ddube@cochrantexas.com
> *Attorneys for Plaintiff*
>
> Steven D. Selbe
> Gordon Rees Scully Mansukhani
> TransWestern Tower
> 1900 West Loop South
> Suite 1000
> Houston, Texas 77027
> sselbe@grsm.com
> *Attorney for Officer Rigoberto Saldivar*

*Norman Ray Giles*

PASADENA'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1: Identify each and every instance of an officer involved shooting by any City of Pasadena law enforcement officer or employee that occurred between January 1, 2011 and January 12, 2021. For each shooting identified, please identify the date of the shooting, the name of the officers involved, the name of the officer/s who shot a firearm during the incident, the name of the person(s) shot, and the location of any gunshot wounds sustained by the persons shot.

RESPONSE: To identify the location of gunshot wounds sustained by persons shot, application of the provisions of Rule 33(d) of the Federal Rules of Civil Procedure to records identified in the city's disclosures provides an appropriate source of the additional information Plaintiff requests. The requested information is as follows:

- On July 22, 2011, Officer Martin shot Victor Hernandez.
- On March 12, 2012, Officer Mauricio Reyes shot a dog.
- On August 4, 2012, Officer Michael Cooper shot at the suspect's vehicle. Suspect did not sustain any gunshot wounds.
- On February 26, 2013, Officer Mauricio Reyes shot a dog.
- On April 25, 2013, Officer Peter Ruffin shot Bradley Cherry.
- On June 30, 2013, Officer Dustin Schecter shot a dog.
- July 26, 2013, Officer Donna Wright shot a dog.
- On September 8, 2013, Officer Larry Webb shot Bryan Diaz with a less-than-lethal round.
- On December 25, 2013, Officer Joshua Ridings shot a dog.
- On April 7, 2014, Officer Michael Cooper shot Sean Marceaux.
- On April 19, 2014, Officer Larry Webb shot a deer.
- On June 10, 2014, Officer R. Mirelez shot a dog.
- On June 27, 2014, Officer Pete Ruffin shot a dog.
- On January 14, 2015, Officers Nicholas Hurst and Douglas Buckert were involved in a shooting where Rudy Garay was shot.
- On March 5, 2015, Officers Dana Bearor, Jeffrey Mubarak, and Victor Yanez were involved in a shooting where James Sanchez was shot.
- August 30, 2015, Officer Mark Pena shot a dog.
- On September 23, 2016, Officer Dru Greer shot at Dru Greer. Greer was not shot.
- On October 21, 2016, Officer Joshua Green shot a dog.
- On October 19, 2016, Officer Michael Turner shot Carlos Briones.
- On March 29, 2018, Officer Mark Adams shot Marco Saavedra.
- On July 22, 2018, Officer Jason Carter shot a dog.
- On November 21, 2018, Officer Saldivar shot Nathaniel Schenk.
- On November 26, 2018; Officers Traxler, Riggs, and Tuzun shot at Patrick Wells.

- Wells did not sustain any gunshot wounds.
- On December 30, 2019, Officers Nicholas Colunga and Lance Howard shot Davion Edison.
- On November 8, 2020, Officer Yuchen Mac shot Victor Saenz.
- On December 14, 2020, Officers Benge, Carter, Cruz, and Bonsal shot Michael Dibeck.
- On January 12, 2021, Officer Saldivar shot Randy Aviles.

INTERROGATORY NO. 2: For each shooting identified in Interrogatory 1, please state whether the Pasadena Police Department or the City of Pasadena conducted any investigation into the shooting and the outcome of any such investigation, including but not limited to whether the shooting was deemed justified, the name/s of the detectives and investigators who conducted the investigation, and whether it was determined that any Pasadena Police Department officer/s violated any Pasadena use of force policies.

RESPONSE: Officers employed by the Pasadena Police Department investigated each shooting identified in Interrogatory 1. A summary of the requested information is listed below, however, application of the provisions of Rule 33(d) of the Federal Rules of Civil Procedure to records identified in the city's disclosures provides an appropriate source of the information Plaintiff requests.

- On July 22, 2011, Officer Martin shot Victor Hernandez. The City indefinitely suspended Officer Martin.
- On March 12, 2012, Officer Mauricio Reyes shot a dog. The action was justified.
- On August 4, 2012, Officer Michael Cooper shot at the suspect's vehicle. Suspect did not sustain any gunshot wounds. The action was justified.
- On February 26, 2013, Officer Mauricio Reyes shot a dog. The action was justified.
- On April 25, 2013, Officer Peter Ruffin shot Bradley Cherry. The force used was justified.
- On June 30, 2013, Officer Dustin Schecter shot a dog. The action was justified.
- July 26, 2013, Officer Donna Wright shot a dog. The action was justified.
- On September 8, 2013, Officer Larry Webb shot Bryan Diaz with a less-than-lethal round. The force used was justified.
- On December 25, 2013, Officer Joshua Ridings shot a dog. The action was justified.
- On April 7, 2014, Officer Michael Cooper shot Sean Marceaux. The force used was justified.
- On April 19, 2014, Officer Larry Webb shot a deer. Officer Webb was exonerated.
- On June 10, 2014, Officer R. Mirelez shot a dog. The action was justified.
- On June 27, 2014, Officer Pete Ruffin shot a dog. The action was justified.
- On January 14, 2015, Officers Nicholas Hurst and Douglas Buckert were involved in a shooting where Rudy Garay was shot. The force used was justified.
- On March 5, 2015, Officers Dana Bearor, Jeffrey Mubarak, and Victor Yanez were

involved in a shooting where James Sanchez was shot. The force used was justified.
- August 30, 2015, Officer Mark Pena shot a dog. The action was justified.
- On September 23, 2016, Officer Michael Turner shot at Dru Greer. Greer was not shot. The action was justified.
- On October 19, 2016, Officer Michael Turner shot Carlos Briones. The force used was justified.
- On October 21, 2016, Officer Joshua Green shot a dog. The action was justified.
- On March 29, 2018, Officer Mark Adams shot Marco Saavedra. Officer Adams' actions were exonerated.
- On July 22, 2018, Officer Jason Carter shot a dog. Firing the shot was justified but sustained the allegation of using proper/sound judgment.
- On November 21, 2018, Officer Saldivar shot Nathaniel Schenk. The force used was justified.
- On November 26, 2018; Officers Traxler, Riggs, and Tuzun shot at Patrick Wells. Wells did not sustain any gunshot wounds. The officers were exonerated.
- On December 30, 2019, Officers Nicholas Colunga and Lance Howard shot Davion Edison. The force used was justified.
- On November 8, 2020, Officer Yuchen Mac shot Victor Saenz. The force used was justified.
- On December 14, 2020, Officers Benge, Carter, Cruz, and Bonsal shot Michael Dibeck. The force used was justified.
- On January 12, 2021, Officer Saldivar shot Randy Aviles. Officer Saldivar retired from the Pasadena police department and the criminal prosecution against him is ongoing.

INTERROGATORY NO. 3:  For each shooting identified in Interrogatory 1, please state whether the officer was provided with an attorney at the scene of the shooting and whether the officer was afforded the opportunity to perform an unrecorded walkthrough in the presence of their attorney.

RESPONSE: The City of Pasadena has not provided any officer with the services of an attorney at the scene of a shooting. Police officers, like every other person subjected to a criminal investigation, have the constitutional rights to be represented by counsel and to decide the extent and manner to which the person will make statements during a criminal investigation.

INTERROGATORY NO. 4:  For each shooting identified in Interrogatory 1, please identify any training, supervision, discipline or counseling that were provided to the officer/s who were involved and/or shot a firearm as a direct result of the shooting.

RESPONSE:  A summary of the information requested is listed below, however, application of the provisions of Rule 33(d) of the Federal Rules of Civil Procedure to records identified in the city's disclosures provides an appropriate source of the information Plaintiff requests.

- On July 22, 2011, Officer Martin shot Victor Hernandez. The City placed Officer Martin on indefinite suspension.
- On July 22, 2018, Officer Jason Carter shot a dog. Firing the shot was justified but sustained allegation of using proper/sound judgment in other regard.
- On November 8, 2020, Officer Yuchen Mac shot Victor Saenz. The force used was justified but a verbal reprimand was issued for other conduct.
- On January 12, 2021, Officer Saldivar shot Randy Aviles. Officer Saldivar is being subjected to criminal prosecution.

INTERROGATORY NO. 5: Identify each and every instance of a death of a person that occurred during or subsequent to a use of force by any City of Pasadena or Pasadena Police Department law enforcement officer or employee from January 1, 2011, and January 12, 2021. For each death identified, please identify the date of the death, the name of the officer/s involved, the name of the officer/s who used force, the name of the deceased, and the nature of force used.

OBJECTION: FED. R. CIV. P. 26(b). This request seeks information over a period of 10 years that is not proportional to the needs of the case, protected by confidentiality statute Texas Local Government Code § 143.089(g), and not relevant to any claim or defense.

INTERROGATORY NO. 6: For each death identified in Interrogatory 4, please state whether the City of Pasadena or Pasadena Police Department conducted any investigation into the shooting and the outcome of any such investigation, including but not limited to whether the use of force was deemed justified, the name/s of the detectives and investigators who conducted the investigation, and whether it was determined that any Pasadena Police Department officer/s violated any Pasadena use of force policies.

RESPONSE: No death is identified in interrogatory 4.

INTERROGATORY NO. 7: For each death identified in Interrogatory 4, please state whether the officer/s who used force was provided with an attorney at the scene of the shooting and whether the officer was afforded the opportunity to perform an unrecorded walkthrough in the presence of their attorney.

RESPONSE: No death is identified in interrogatory 4.

INTERROGATORY NO. 8: For each shooting identified in Interrogatory 1, please identify any training, supervision, discipline or counseling provided to the officer/s who were involved and/or used force during the incident as a direct result of the incident.

RESPONSE: A summary of the information requested is listed below, however, application of the provisions of Rule 33(d) of the Federal Rules of Civil Procedure to records identified in the city's disclosures provides an appropriate source of the information Plaintiff requests.

- On July 22, 2011, Officer Martin shot Victor Hernandez. The City placed Officer

- Martin on indefinite suspension.
- On July 22, 2018, Officer Jason Carter shot a dog. Firing the shot was justified but sustained allegation of using proper/sound judgment in other regard.
- On November 8, 2020, Officer Yuchen Mac shot Victor Saenz. The force used was justified but a verbal reprimand was issued for other conduct.
- On January 12, 2021, Officer Saldivar shot Randy Aviles. Officer Saldivar is being subjected to criminal prosecution.

INTERROGATORY NO. 9: Identify all petitions, complaints, lawsuits, or legal action filed between January 1, 2011 to present where there was an allegation that a Pasadena police department officer or employee used excessive force in effecting an arrest or seizure. For each petition, lawsuit, or complaint identified, please summarize the nature of the allegations, including but not limited to the use of force alleged, the injuries alleged by the Plaintiff, and the outcome of the legal action.

RESPONSE: Objection. FED. R. CIV. P. 26(b). The city would be subjected to an unreasonable burden if it is required to sift through court files for litigation information that is equally available to Plaintiff, is not relevant to any claim or defense at issue in this lawsuit and is not proportional to the needs of the case.

INTERROGATORY NO. 10: Identify all lawsuits filed between January 1, 2011 to present where the Plaintiff asserted a municipal liability/*Monell* claim against the City of Pasadena. For each petition, lawsuit, or complaint identified, please summarize the nature of the allegations and the outcome of the legal action.

RESPONSE: Objection. FED. R. CIV. P. 26(b). The city would be subjected to unreasonable burdens if the city is required to sift through court files for litigation information and further required to perform legal analysis if past litigation for the Plaintiff. The requested information is equally available to Plaintiff, is not relevant to any claim or defense at issue in this lawsuit and is not proportional to the needs of the case.

INTERROGATORY NO. 11: Identify all policies, procedures, guidelines or training materials in effect as of January 12, 2021 regarding the use of force by law enforcement officers employed by the City of Pasadena.

RESPONSE: The Constitution and laws of the United States, the Constitution and laws of the State of Texas, the Charter and Ordinances of the City of Pasadena, materials regarding training standards, rules and regulations of the Texas Commission on Law Enforcement, and the general orders of the Pasadena police department.

INTERROGATORY NO. 12: Identify the names and positions for all individuals responsible for the supervision, training, and oversight of law enforcement officers employed by the City of Pasadena on January 12, 2021.

RESPONSE: The State of Texas bears this responsibility.

The State of Texas has created, through Chapter 143 of the Texas Local Government Code, police civil service laws that govern the training, supervision, promotion, and discipline of police officers in cities like Pasadena that are subject to Texas civil service law. These civil service laws provide the standards under which officers must be selected, promoted, and disciplined.

The State of Texas has expressly delegated to the Texas Commission on Law Enforcement (TCOLE), through Chapter 1701 of the Texas Occupations Code, the authority and responsibility throughout Texas to establish state-wide police officer hiring, training, and licensing requirements. Texas has designated TCOLE as the agency in Texas responsible for establishing a statewide comprehensive education and training program for all peace officers so that officers are adequately trained, through curriculum approved by TCOLE, to perform law enforcement duties. Section 1701.251 of the Texas Occupations Code provides that TCOLE "shall establish and maintain training programs for officers." Section 1701.253 further requires that TCOLE "shall establish a statewide comprehensive education and training program on civil rights…" and which "covers the laws of [the state of Texas] and of the United States pertaining to peace officers" for all licensed law enforcement officers in Texas. Section 1701.352(d) of the Texas Occupations Code additionally requires that, within 24 months of appointment as a supervisor, all law enforcement officer supervisors receive training regarding supervising officers. Furthermore, sections 1701.307 and 1701.351 provide that, to obtain and maintain a peace officer license in Texas, an officer must satisfactorily meet all TCOLE training and licensing standards.

INTERROGATORY NO. 13: Identify the names and positions for all individuals responsible for the supervision, training, and oversight of law enforcement officers employed by the City of Pasadena on November 21, 2018.

RESPONSE: The State of Texas bears this responsibility.

The State of Texas has created, through Chapter 143 of the Texas Local Government Code, police civil service laws that govern the training, supervision, promotion, and discipline of police officers in cities like Pasadena that are subject to Texas civil service law. These civil service laws provide the standards under which officers must be selected, promoted, and disciplined.

The State of Texas has expressly delegated to the Texas Commission on Law Enforcement (TCOLE), through Chapter 1701 of the Texas Occupations Code, the authority and responsibility throughout Texas to establish state-wide police officer hiring, training, and licensing requirements. Texas has designated TCOLE as the agency in Texas responsible for establishing a statewide comprehensive education and training program for all peace officers so that officers are adequately trained, through curriculum approved by TCOLE, to perform law enforcement duties. Section 1701.251 of the Texas Occupations Code provides that TCOLE "shall establish and maintain training programs for officers." Section 1701.253 further requires that TCOLE "shall establish a statewide comprehensive

education and training program on civil rights…" and which "covers the laws of [the state of Texas] and of the United States pertaining to peace officers" for all licensed law enforcement officers in Texas. Section 1701.352(d) of the Texas Occupations Code additionally requires that, within 24 months of appointment as a supervisor, all law enforcement officer supervisors receive training regarding supervising officers. Furthermore, sections 1701.307 and 1701.351 provide that, to obtain and maintaina peace officer license in Texas, an officer must satisfactorily meet all TCOLE training andlicensing standards.

INTERROGATORY NO. 14: Identify all instances where law enforcement officers employed by the City of Pasadena were disciplined, reprimanded, or had any other adverse employment action taken against them during the period from January 1, 2011, to January 12, 2021.

OBJECTION: FED. R. CIV. P. 26(b). This request seeks information over a period of 10 years that is not proportional to the needs of the case, protected by confidentiality statute Texas Local Government Code § 143.089(g), and not relevant to any claim or defense.

INTERROGATORY NO. 15: Identify all audits and/or internal investigations conducted by the City of Pasadena or any third party regarding the use of force by City of Pasadena law enforcement officers during the period from January 1, 2011 to January 12, 2021.

OBJECTION: FED. R. CIV. P. 26(b). This request seeks information over a period of 10 years that is not proportional to the needs of the case, protected by confidentiality statute Texas Local Government Code § 143.089(g), and not relevant to any claim or defense.