# THE COCHRAN FIRM
## DALLAS, P.L.L.C.

1825 Market Center, Suite 500 • Dallas, Texas 75204

Telephone: (214) 651-4260
Fax: (214) 651-4261
www.cochranfirm.com

Bryan D. Pope
*Attorney At Law/Partner*

Larry F. Taylor, Jr.
*Attorney At Law/Partner*

July 10, 2023

Norman Ray Giles
Randy Lopez
24 Greenway Plaza
Suite 1400
Houston, TX 77046

Dear Mr. Giles & Lopez:

We are in receipt of your Responses to Plaintiff's Interrogatories and Request for Production of Documents. These Responses are deficient in a number of significant ways. Most significantly, your Response to Interrogatory 1 identifies thirteen instances of a City of Pasadena police officer shooting a citizen; yet you did not produce any videos or recordings of any of these shootings even though such videos were directly requested in RFP 1.

Additionally, you asserted several objections to these Requests and Interrogatories that are without merit:

- In Response to Interrogatories 5, 14-15, and Requests for Production 3, 8-25, you objected on the grounds that the materials are confidential under Texas Local Government Code §143.89(g). Federal Courts in 1983 cases have specifically held that this provision does not apply in federal court and cannot be used to excuse the production of documents. *See Ambler v. Nissen,* 1:20-CV-1068-LY (January 26, 2023)("The Court agrees with Plaintiffs

that Texas Local Government Code §143.089 does not apply in federal court.")(citing to In *Roque v. City of Austin*, No. 1-17- CV-00932-LY, 2018 WL 5848988, at *2 (W.D. Tex. Nov. 7, 2018)).

- You also objected to a number of the Requests and Interrogatories on the grounds that they seek information that are not relevant to any claims or defense. Each of those objections are without merit since each of those Requests and Interrogatories seek information relevant to Plaintiff's claim that the City of Pasadena had a custom and/or policy of protecting officers who shot citizens in violation of their constitutional rights.

- You also objected to a number of requests seeking communications of a relevant set of custodians regarding Officer Saldivar and the Schenck shooting. As an initial matter, the relevant time range for the request for communications relating to Officer Saldivar is from October 16, 2017 to October 16, 2022. The relevant time range for the request for communications relating to the death of Nathan Schenck is from the date of his death to October 16, 2022. The communications related to Mr. Saldivar and the death of Mr. Schenck are directly related to the lawsuit and the claims therein. Indeed, they are at the core of the matters set forth in the complaint. Therefore, any burdens necessitated to produce these documents are not undue. In any event, Plaintiff has sought to mitigate any such burdens by attempting to provide Defendants with search terms for the relevant custodians.

- You have objected to producing certain deposition transcripts and litigation documents. The discovery rules require production of materials in the possession, custody, and control of a litigant. To the extent these documents are in your possession, custody, and control, they must be produced. *See Id.* (requiring production of past lawsuits). Further, there is

no litigation privilege from production under the Federal Rules of Civil Procedure to protect the purse of Court reporters.

By this letter, Plaintiff requests that Defendant amend its Responses to the Interrogatories and Requests for Production, and produce the responsive materials. Please let us know on or before July 14, 2023 at 5 pm whether you intend to do so. Failure to respond or an insufficient response will result in Plaintiff filing a motion to compel with the Court.

    Respectfully,

    THE COCHRAN FIRM – DALLAS P.L.L.C.

    Dimitri Dube