```
 1                IN THE UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION
 3    KRISTINE SCHENK,                §
      individually and as              §
 4    dependent administrator of,      §
      and on behalf of STANLEY         §
 5    SCHENK. Individually, the        §
      ESTATE OF NATHAN ALEXANDER       §
 6    SCHENK, and NATHAN               §
      ALEXANDER SCHENK'S               §
 7    heirs-at-law; and JENNIFER       §
      JACOPS-SCHENK,                   §
 8    individually,                    §
                                       §
 9            Plaintiffs               §
                                       §
10    v.                               §   CIVIL ACTION NO.
                                       §   4:20-CV-03799
11    CITY OF PASADENA, TEXAS;         §
      and RIGOBERTO R. SALDIVAR,       §
12                                     §
              Defendants               §
13
      ---------------------------------------------------------
14
                         ORAL DEPOSITION OF
15                         ERWIN GONZALEZ
          AS DESIGNATED REPRESENTATIVE OF CITY OF PASADENA
16                        (Reported Remotely)
                           Volume 1 of 1
17                          July 8, 2021
      ---------------------------------------------------------
18
19            ORAL DEPOSITION OF ERWIN GONZALEZ, AS
20    DESIGNATED REPRESENTATIVE OF CITY OF PASADENA,
21    produced as a witness at the instance of PLAINTIFFS,
22    and duly sworn, was taken in the above-styled and
23    numbered cause on July 8, 2021 from 2:00 p.m. to 2:51
24    p.m., before Gloria Carlin, CSR No. 498, in and for
25    the State of Texas, reported by stenographic method,
```

Page 1

EXHIBIT 4

```
 1       at the location of the witness in Pasadena, Texas,
 2       pursuant to the Federal Rules of Civil Procedure and
 3       any provisions stated on the record.
 4       Job No. 4667202
 5       --------------------------------------------------------
 6                      A P P E A R A N C E S
 7       FOR THE PLAINTIFFS:
 8            T. Dean Malone, Esq. (VIA ZOOM)
              LAW OFFICES OF DEAN MALONE PC
 9            900 Jackson Street, Suite 730
              Dallas, Texas 75202
10            214.670.9989
              dean@deanmalone.com
11
         FOR THE DEFENDANTS:
12
              Norman Ray Giles, Esq. (VIA ZOOM)
13            LEWIS BRISBOIS BISGAARD & SMITH LLP
              24 Greenway Plaza, Suite 1400
14            Houston, Texas  77046
              713.659.6767
15            norman.giles@lewisbrisbois.com
16
17
18
19
20
21
22
23
24
25
```

Page 2

EXHIBIT 4

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11                    EXAMINATION
12     BY MR. MALONE:
13
14
15
16
17
18
19
20
21
22
23
24
25
                                              Page 5
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18        Q.   All right.  Would you give us your full
19   name, sir?
20        A.   Erwin Patricio Gonzalez.
21
22
23
24
25
```

Page 6

```
 1   [redacted]
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15        Q.   And what was the training regarding
16   provision of a feasible warning?
17        A.   If it's feasible, again, we provide
18   different circumstances of when it's feasible.  I can
19   think of one scenario.  If you have, you know,
20   somebody with two knives on their hands, or suicidal,
21   and they have sharp objects, as long as it's
22   broadcasted internally to the officers, we might not
23   give the subject itself a warning, but as long as the
24   officers get a warning we can deploy the ECW.  It is
25   in our policy and we are trained if it's feasible give
```

Page 28

EXHIBIT 4

```
 1        the warning not only for the suspect for him to comply
 2        or also for the officers, so they know the TASER is
 3        going to be deployed.
 4             Q.   You just gave us one example and I forget
 5        the words that you use, but it seems to me the
 6        implication was that in certain situations, one
 7        officer can notify another officer that the officer
 8        intends to deploy his or her TASER in a manner that
 9        the subject may not hear; correct?
10             A.   Yes.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 29

EXHIBIT 4

```
 1
                   IN THE UNITED STATES DISTRICT COURT
 2                    SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION
 3
       KRISTINE SCHENK,                  §
 4     individually and as               §
       dependent administrator of,       §
 5     and on behalf of STANLEY          §
       SCHENK. Individually, the         §
 6     ESTATE OF NATHAN ALEXANDER        §
       SCHENK, and NATHAN                §
 7     ALEXANDER SCHENK'S                §
       heirs-at-law; and JENNIFER        §
 8     JACOPS-SCHENK,                    §
       individually,                     §
 9                                       §
                  Plaintiffs             §
10                                       §
       v.                                §   CIVIL ACTION NO.
11                                       §   4:20-CV-03799
       CITY OF PASADENA, TEXAS;          §
12     and RIGOBERTO R. SALDIVAR,        §
                                         §
13                Defendants             §
14
       -----------------------------------------------------------
15
16                      REPORTER'S CERTIFICATION
                     DEPOSITION OF ERWIN GONZALEZ
17        AS DESIGNATED REPRESENTATIVE OF CITY OF PASADENA
                            Volume 1 of 1
18                          July 8, 2021
19     -----------------------------------------------------------
20
21          I, Gloria Carlin, Certified Shorthand Reporter in
22     and for the State of Texas, hereby certify to the
23     following:
24          That the witness, ERWIN GONZALEZ, was duly sworn
25     by the officer and that the transcript of the oral
```

Page 44

EXHIBIT 4

```
 1      deposition is a true record of the testimony given by
 2      the witness;
 3           I further certify that pursuant to FRCP Rule
 4      30(e)(1) that the signature of the deponent was
 5      requested by the deponent or a party before the
 6      completion of the deposition; that the deposition
 7      transcript was submitted on _____ to the
 8      witness or to the attorney for witness for
 9      examination, signature and return to Veritext Legal
10      Solutions by _____;
11           That the amount of time used by each party at the
12      deposition is as follows:
13           T. Dean Malone - 00:50:54
             Norman Ray Giles - 00:00:00;
14
15           That pursuant to information given to the
16      deposition officer at the time said testimony was
17      taken, the following includes all parties of record:
18      FOR THE PLAINTIFFS:
19           T. Dean Malone, Esq.
             LAW OFFICES OF DEAN MALONE PC
20           900 Jackson Street, Suite 730
             Dallas, Texas 75202
21           214.670.9989
             dean@deanmalone.com
22
        FOR THE DEFENDANTS:
23
             Norman Ray Giles, Esq.
24           LEWIS BRISBOIS BISGAARD & SMITH LLP
             24 Greenway Plaza, Suite 1400
25           Houston, Texas  77046
```

**EXHIBIT 4**

```
 1            713.659.6767
              norman.giles@lewisbrisbois.com
 2
 3            I further certify that I am neither counsel for,
 4       related to, nor employed by any of the parties or
 5       attorneys in the action in which this proceeding was
 6       taken, and further that I am not financially or
 7       otherwise interested in the outcome of the action.
 8            Certified to by me July 23, 2021.
 9
10
11                          [Signature: Gloria Carlin]
12                          Gloria Carlin, CSR No. 498
                            Expiration Date:  04/30/23
13                          VERITEXT LEGAL SOLUTIONS
                            Veritext Registration No. 571
14                          300 Throckmorton Street
                            Suite 1600
15                          Fort Worth, Texas  76102
                            (817) 336-3042 (800) 336-4000
16       Job No. 4667202
17
18
19
20
21
22
23
24
25
                                                         Page 46
```

EXHIBIT 4

```
 1              ***NOTIFICATION RE RETURN OF ORIGINAL***
 2        --------------------------------------------------
                      DEPOSITION OF ERWIN GONZALEZ
 3         AS DESIGNATED REPRESENTATIVE OF CITY OF PASADENA
                              Volume 1 of 1
 4                           July 8, 2021
          --------------------------------------------------
 5           The original deposition was/was not returned to
 6        the deposition officer on _ _ _ _ _ _ _ _ _ _ _;
 7             If returned, the attached Changes and Signature
 8        page contains any changes and the reasons therefor;
 9             If returned, the original deposition was sent to
10        T. Dean Malone, Custodial Attorney;
11             That $_____ is the deposition officer's charges
12        to the PLAINTIFFS for preparing the original
13        deposition transcript and any copies of exhibits.
14             That a copy of this notification was sent to all
15        parties shown herein this _____ day of _____,
16        2021.
17
18                              [signature: Gloria Carlin]

19                              Gloria Carlin, CSR No. 498
                                Expiration Date:  04/30/23
20                              VERITEXT LEGAL SOLUTIONS
                                Veritext Registration No. 571
21                              300 Throckmorton Street
                                Suite 1600
22                              Fort Worth, Texas  76102
                                (817) 336-3042 (800) 336-4000
23        Job No. 4667202
24
25

                                                       Page 47
```

**EXHIBIT 4**