## PREAMBLE

We, the citizens of Pasadena, Texas, give thankful recognition for the guidance of Almighty God as we establish this Charter.

Pasadena, Texas, Code of Ordinances
(Supp. No. 31, Update 2)

Created: 2021-03-04 15:53:13 [EST]

Page 1 of 1

EXHIBIT 13

## Section 1. Incorporation.

The inhabitants of the City of Pasadena, Harris County, Texas, residing within its corporate limits as heretofore or hereafter established, are hereby constituted and shall continue to be a municipal body politic and corporate in perpetuity under the name of the "City of Pasadena," hereinafter referred to as the "City, with such powers, privileges, rights, duties, and immunities as are herein provided.

## Section 2. General Powers.

The City shall have all the power granted to cities by the Constitution and Laws of the State of Texas together with all of the implied powers necessary to carry into execution such granted powers. The City may use a corporate seal; may sue and be sued; may contract and be contracted with; may cooperate with the government of the State of Texas or any agency or any political subdivision thereof or with the federal government or any agency thereof to accomplish any lawful purpose for the advancement of the interest, welfare, health, morals, comfort, safety, and convenience of the city and its inhabitants; may acquire property within or without its corporate limits for any municipal purpose in fee simple or in any lesser interest or estate by purchase, gift, devise, lease, or condemnation and, subject to the provisions of this Charter, may sell, lease, mortgage, hold, manage, improve, and control such property as may now or hereafter be owned by it; may pass ordinances and enact such regulations as may be expedient for the maintenance of the good government, order, and peace of the City and the welfare, health, morals, comfort, safety, and convenience of its inhabitants. The powers hereby conferred upon the City shall include but are not restricted to the powers conferred expressly and permissively by Chapter 147, Page 307, Acts of the 33rd Legislature of the State of Texas, Regular Session, 1913, enacted pursuant to the Home Rule Amendment of the Constitution of Texas, known as the Enabling Act and including Articles 1175, 1176, 1177, 1178, 1179 and 1180 of the Revised Civil Statutes of Texas, 1925, as heretofore or hereafter amended, all of which are hereby adopted. In addition to the powers enumerated herein and subject only to the limitations imposed by the Constitution and Laws of the State of Texas and by this Charter, the City shall have, without the necessity of express enumeration in this Charter, each and every power which by virtue of Article XI, Section V, of the Constitution of the State of Texas, the people of the City are empowered by election to grant or to confer upon the City by expressly and specifically granting and enumerating the same herein. All such powers whether expressed or implied shall be exercised and enforced in the manner prescribed in this Charter or, when not prescribed herein, in such manner as shall be provided by ordinance of the Council.

## Section 3. Form of Government.

The municipal government provided by this Charter shall be and shall be known as "Mayor-Council Government." Pursuant to the provisions of and subject only to the limitations imposed by the Constitution and Laws of the State of Texas and by this Charter, all powers of the City shall be vested in and exercised by an elective Council composed of a Mayor and eight Councilmembers, hereinafter referred to as "the Council," which shall enact legislation, adopt budgets, and determine policies of the City.

EXHIBIT 13

Article II
Sections 1, 3, 5-16

---

## Section 1. Number, Selection, and Term of Office.

The Council shall be composed of a Mayor and eight Councilmembers. One Councilmember shall be nominated and elected by the voters in each of six Council Districts, and two Councilmembers shall be nominated and elected by the voters of the entire City. The Mayor shall be elected by the qualified voters of the entire City. The Mayor, unless sooner removed under the provisions of the Charter, shall serve for four year (4) terms, from the first (1st) day of July four (4) years later or until his successor has been elected and duly qualified. Each Councilmember, unless sooner removed under the provisions of the Charter, shall serve for two year (2) terms, from the first day of July following his/her election until the first day of July two years later, or until his/her successor has been elected and duly qualified.

No person shall be elected to more than two consecutive regular four year terms as Mayor. No person shall be elected to more than four consecutive regular two year terms as a Councilmember. Any reference to Councilmember in this Charter shall mean Council/men/women.

(Ord. No. 13-126, § 1(Exh. A-Prop. I), 8-22-13/11-5-13)

Note(s)—Pursuant to the United States District Court's Final Judgment and Order of Injunction in Patino v. City of Pasadena, Civil No. H-14-3241 (S.D. Tex.) (Jan. 16, 2017) the City of Pasadena City Council consists of a Mayor elected at large and eight Councilmembers elected from single-member districts rather than from a combination of single-member districts and at-large positions as set out in Sections 1, 2, 3 and 4 of Article II of the Charter.

## Section 3. Designation of Members of Council.

The eight Councilmembers shall be designated as:

### Single-Member Districts

Councilmember Place A

Councilmember Place B

Councilmember Place C

Councilmember Place D

Councilmember Place E

Councilmember Place F

### At-Large Positions

Councilmember Place G

Councilmember Place H

(Ord. No. 13-126, § 1(Exh. A-Prop. I), 8-22-13/11-5-13)

Note(s)—Pursuant to the United States District Court's Final Judgment and Order of Injunction in Patino v. City of Pasadena, Civil No. H-14-3241 (S.D. Tex.) (Jan. 16, 2017) the City of Pasadena City Council consists of a Mayor elected at large and eight Councilmembers elected from single-member districts rather than from a combination of single-member districts and at-large positions as set out in Sections 1, 2, 3 and 4 of Article II of the Charter.

---

EXHIBIT 13

### Section 5. Investigative Body.

The Council shall have the power to inquire into the official conduct of any department, agency, office, officer, or employee of the City, and for that purpose shall have the power to administer oaths, subpoena witnesses, compel the production of books, papers, and other evidence material to the inquiry. The Council shall provide by ordinance penalties for contempt in failing or refusing to obey any such subpoena or to produce any such books, papers, or other evidence, and shall have the power to punish any such contempt in the manner provided by such ordinance. No member of the Council shall ever vote upon any matter involving the consideration of his own official conduct.

### Section 6. City Secretary.

The Council, upon recommendation of the Mayor, shall appoint the City Secretary, who shall serve at the pleasure of the Council. The City Secretary shall keep the records of the Council, and shall have such other duties and responsibilities as may be assigned to him/her by this Charter or by the Council. The City Secretary shall appoint such assistants to him/her as may be authorized by the Council. The City Secretary shall furnish two copies of the minutes of all council meetings to the City Library within thirty days after their approval; such copies of minutes of the Council shall become and be maintained as permanent public records.

### Section 7. Meetings of the Council.

There shall be regular meetings of the Council on the first and third Tuesday of each month unless said Tuesday is a holiday; in which case the meeting shall be rescheduled within the next three business days. Council may hold as many additional meetings during the month as may be necessary. Special meetings may be called at any time by the Mayor as necessary. Procedures for meetings shall be governed by the laws of the State of Texas for open meetings, and as provided by the Charter and City ordinances not in conflict therewith. All meetings of the Council, regular or special, shall be open to the public and shall be held at the City Hall of the City.

(Ord. No. 13-126, § 1(Exh. A-Prop. II), 8-22-13/11-5-13)

### Section 8. Rules of Procedure.

The Council shall by ordinance determine its own rules and order of business. A majority of the Council qualified and serving shall constitute a quorum for all meetings for the transaction of all business, but no action of the Council shall be of any force and effect unless it is adopted by the favorable vote of a majority of the members of the Council qualified and serving, unless otherwise provided by this Charter. Minutes of all meetings of the Council shall be taken and recorded, and such minutes shall constitute a public record.

### Section 9. Each Member Present Must Vote on All Matters.

Except as otherwise herein provided, each member of the Council in attendance at the council meeting shall vote upon every issue upon which a vote is called. Any member present who fails or refuses to vote under such circumstances shall be recorded as having cast a negative vote.

### Section 10. Powers of the Council.

All powers and authority which are expressly or impliedly conferred on or possessed by the City shall be vested in and exercised by the Council; provided, that the Council shall have no power to exercise those powers which are expressly conferred on other city officers by this Charter.

EXHIBIT 13

## Section 11. Override of Mayor's Veto.

At any meeting of the Council held not less than seven nor more than thirty days after the Mayor has vetoed any ordinance or resolution of the Council, the Councilmembers may, by the affirmative vote of a majority of its members qualified and serving, override such veto, in which event such ordinance or resolution shall be considered finally passed and approved and shall not be subject to further veto.

## Section 12. Removal of Appointed, Salaried Officers and Employees.

Subject only to such limitations as may be imposed by the Laws of the State of Texas or by this Charter, two-thirds of the Councilmembers qualified and serving may suspend without pay any appointed, salaried officer or employee of the City. Provided, however, such suspension must be made at a meeting of the Council. Such suspension shall permanently terminate such officer's or employee's appointment or employment with the City without recourse to the officer or employee unless he files a petition with the Council requesting a hearing on such suspension in the time and manner provided for in this Charter.

## Section 13. Reinstatement of Appointed, Salaried Officers or Employees Suspended Without Pay.

In the event two-thirds of the Councilmembers qualified and serving, the Mayor, or the City Controller suspends without pay any appointed, salaried officer or employee of the City in the manner authorized by this Charter, such suspended officer or employee may within fifteen days after the date of his/her suspension, file a written petition with the Suspension Appeals Board of the City of Pasadena requesting a hearing on such suspension. Said Board shall be a standing board consisting of five members appointed by the Mayor and subject to confirmation and approval by the Council to hear petitions for reinstatement made by City of Pasadena employees. Said petition shall be signed by the officer or employee, shall contain his/her home address, and shall state whether he/she desires a public or private hearing. If the petition is timely and properly filed, the Suspension Appeals Board shall, within ten days thereafter, set a time for hearing such petition within not less than six nor more than twenty days thereafter.

The suspended officer or employee may request either a public or private hearing. The City Secretary shall give written notice of the time of such hearing to the suspended officer or employee at the address shown in the petition by depositing the same, postage paid by registered or certified mail, return receipt requested in the United State mail at least five days prior to the date of such hearing. All such hearings shall be held at City Hall. At the hearing, the Councilmembers, the Mayor, or the City Controller, as the case may be, and the suspended officer or employee shall be given the right to be heard. Within ten days following such hearing, the Suspension Appeals Board shall make a recommendation to the Councilmembers either upholding or rejecting the suspension. The Councilmembers shall then consider the recommendation of the Suspension Appeals Board and rule on said recommendation.

If the recommendation of the Suspension Appeals Board is to affirm reinstatement and if the Councilmembers uphold such recommendation and removes said suspension, then the officer or employee is to be reinstated to his/her office or position of employment and further, shall be entitled to receive all wages and benefits lost during the period of his/her suspension. However, if the petition is not timely or properly filed or if a majority of the Councilmembers qualified and serving do not remove the suspension and reinstate such officer or employee, his/her removal and discharge shall be effective as of the date of his/her suspension by the majority of Councilmembers, by the Mayor, or by the City Controller. The action of the Councilmembers on the question of the removal of such suspension and reinstatement shall be final. Any procedures necessary to effectuate this Charter provision shall be adopted by ordinance of the governing body.

Created: 2021-03-04 15:53:13 [EST]

EXHIBIT 13

### Section 14. Procedure to Enact Legislation.

The Council shall legislate by ordinance, and the enacting clause of every ordinance shall be, "Be it ordained by the City Council of the City of Pasadena." The City Attorney shall approve as to legality all ordinances adopted by the Council, or shall file with the City Secretary his written legal objections thereto. Evidence of approval of an ordinance by the City Attorney may be made by notation on the ordinance itself or by separate paper or instrument. Each ordinance finally enacted by the Council shall be signed by the Mayor, subject only to his right to veto, and shall be filed with and recorded by the City Secretary. In the event the Mayor fails or refuses to sign an ordinance after the period in which he may veto the same has expired or in the event he fails or refuses to sign an ordinance passed over his veto, such ordinance shall be signed by the Mayor Pro Tem or by two Councilmembers. The reading aloud of the title and caption of the ordinance or resolution shall suffice as a reading, provided printed copies of the ordinance, in the form required for adoption, are in front of all members of council and a reasonable number of additional copies are available to citizens present at the meeting. Ordinances or resolutions may be read in their entirety at the discretion of a majority of the City Council. All ordinances, unless otherwise provided by or by the terms of such ordinance, shall take effect immediately upon final passage thereof. The requirements for reading ordinances on two separate days may be dispensed with respect to ordinances authorizing the issuance of obligation of the City or where an ordinance relating to the immediate preservation of the public peace, health, safety, or welfare is adopted by the favorable vote of two-thirds of all members of council qualified and serving, and contains a statement of the nature of the emergency.

### Section 15. Publication of Ordinances.

Except as otherwise provided by law or by this Charter, the City Secretary shall give notice of the enactment of every ordinance imposing any penalty, fine, or forfeiture for any violation of any of its provisions, and every other ordinance required by law or by this Charter to be published, by causing the ordinance, or its descriptive caption and penalty, to be published at least one time within twenty days after final passage thereof in the official newspaper of the City. The affidavit of such publication by the publisher of such newspaper taken before any officer authorized to administer oaths and filed with the City Secretary shall be conclusive proof of the legal publication and promulgation of such ordinance in all courts. Such ordinance shall take effect ten days after the date of such publication, provided that any penal ordinance passed as an emergency measure shall take effect immediately upon publication.

### Section 16. Code of Ordinances.

The Council shall have the power to cause all general ordinances of the City to be compiled and printed in code form. Every general ordinance enacted subsequent to such codification shall be enacted as an amendment to the code. The Council shall cause all general ordinances to be codified, recodified, and reprinted whenever in its discretion such is deemed desirable, or when such codification or recodification is required by law. When adopted by the Council, the printed code of general ordinances contemplated by this section shall be in full force and effect without the necessity of such code or any part thereof being published in any newspaper. The caption, descriptive clause, and other formal parts of the ordinances of the City may be omitted without affecting the validity of such ordinances when they are published as a code.

Created: 2021-03-04 15:53:13 [EST]

(Supp. No. 31, Update 2)

EXHIBIT 13

Article III
Sections 1-9

_____

### Section 1. Head of City Government.

The Mayor shall be the chief administrator and executive officer of the City; he shall devote his full time and efforts to and shall be responsible for the proper administration of its affairs. The Mayor shall preside at all meetings of the Council and shall be recognized as the head of the city government for all ceremonial purposes, for the purpose of receiving civil process, for emergency purposes, and for military purposes.

### Section 2. Mayor Pro Tem.

At the first meeting following each general City election, the Council shall by election designate a member(s) as Mayor Pro Tem. The Mayor Pro Tem may conduct Council meetings in the absence of the Mayor and may act as Mayor upon the disability or disqualification of the Mayor. Upon vacancy of the position of the Mayor Pro Tem, the position may be filled as needed.

(Ord. No. 13-126, § 1(Exh. A-Prop. III), 8-22-13/11-5-13)

### Section 3. Acting Mayor.

In the event of the absence, disability, or disqualification of both the Mayor and Mayor Pro Tem at any particular meeting of the Council, the remaining members of the Council shall by election designate one of their members as Acting Mayor and he/she shall act as Mayor for such particular meeting and shall have power to perform every act, except the power to remove or suspend officers and employees and the power of veto, the Mayor could perform if present.

### Section 4. Vacancy.

In the event of a vacancy in the office of Mayor arising from any cause, the Mayor Pro Tem shall become Mayor for the completion of the unexpired term if one year or less of such unexpired term remains. However, if more than one year of such unexpired term remains, the Council shall within ten days following such vacancy call a special election to be held within not less than forty nor more than sixty days thereafter to fill such vacancy for the unexpired term. The Mayor Pro Tem shall act as Mayor until a successor to the office of Mayor has been elected and duly qualified and, during such time as he/she acts as Mayor under such circumstances, but only under such circumstances, the Mayor Pro Tem shall be entitled to receive the compensation of Mayor.

### Section 5. General Powers of the Mayor.

The Mayor shall have and exercise such powers, prerogatives, and authorities as are expressly or impliedly conferred on him by this Charter or by the Council.

### Section 6. Privilege of Vote and Veto.

The Mayor, as a member of the Council, shall be entitled to vote upon all matters considered by the Council, except in those instances where such privilege of vote is specifically denied him/her by this Charter. He/she shall have the power to veto any ordinance or resolution enacted or adopted by the Council, except those ordinances or resolutions which are not subject to the initiative or referendum process under the provisions of this Charter. To be effective, such veto must be accomplished within ten days after the final passage or adoption of the ordinance or resolution and must be accompanied by a veto message setting forth in writing the Mayor's reason for such

_____

(Supp. No. 31, Update 2)

Created: 2021-03-04 15:53:13 [EST]

EXHIBIT 13

veto, which such veto and veto message must be filed with the City Secretary within such ten day period. The City Secretary shall deliver the Mayor's veto and veto message to the Council at its next regular meeting.

## Section 7. Removal of Appointed, Non-Paid Persons.

Except as may be otherwise provided by the Laws of the State of Texas or by this Charter, the Mayor shall have the exclusive authority to remove from office or position all persons appointed by him/her to serve on boards, commissions, committees, or agencies of the City or to serve in any similar non-paid offices or positions of the City. The action of the Mayor shall be final.

## Section 8. Suspension Without Pay of Appointed, Salaried Officers and Employees.

The Mayor shall have the authority to suspend without pay any appointed, salaried officer or employee of the City, except officers and employees of the Department of Finance. Provided, however, notice of such suspension shall be given by the Mayor to the Council at a regular meeting of the Council held within ten working days after the effective date of such suspension. Such suspension shall permanently terminate such officer's or employee's appointment or employment with the City without recourse to the officer or employee unless he files a petition with the Council requesting a hearing on such suspension in the time and manner provided for in this Charter.

## Section 9. Other Duties and Powers.

Unless otherwise provided by law or by this Charter, the powers and responsibilities of the Mayor shall include, but shall not be limited by, the following:

(a)  To appoint, subject to confirmation and approval by the Council, all officers and employees of the City and the members of all boards, commissions, committees, and agencies of the City.

(b)  To exercise control and direction over all departments and divisions of the City and to supervise and direct all officers and employees of the City appointed by him/her.

(c)  To recommend to the Council such measures, resolutions, and ordinances as he/she may deem proper and necessary.

(d)  To advise the City Council as to the financial status of the City. The Mayor may appoint subject to confirmation and approval by the Council and supervise a Budget and Financial Planning Officer who will work with the Mayor and the City Controller to ascertain the needs of the City and prepare an annual budget and a multi-year plan based on the present and projected financial revenues of the City.

(e)  To perform such other duties as may be prescribed by this Charter or required of him/her by the Council.

EXHIBIT 13

Article VI
Sections 1-2

---

### Section 1. Administrative Offices and Departments.

There shall be such offices and departments of the City as are established by this Charter and as may be established by ordinance, all of which, unless otherwise provided in this Charter, shall be under the control and direction of the Mayor. The Council may abolish or combine one or more offices or one or more departments created by it, and may define, assign, or transfer duties of any such offices or departments of the City from one office or department to another by ordinance.

### Section 2. Directors of Departments.

At the head of each department there shall be a Director. Such Directors shall have supervision and control over their respective departments and may serve as chiefs of divisions within their respective departments. Two or more departments may be headed by the same individual.

EXHIBIT 13

Article XII
Sections 4, 7, 22

___

### Section 4. Official Oath.

All officers of the City shall, before entering upon the duties of their respective offices, take and subscribe the official oath prescribed in the Constitution of the State of Texas.

### Section 7. Notice of Claim.

The City of Pasadena shall not be held responsible on account of any claim for damages or injuries to any person, (whether such damages or injuries resulted in death or not), or property unless the person making such complaint or claiming such damages or injuries shall, within six months after the time in which it is claimed such damages or injuries were inflicted upon such person or property, file with the City Secretary a true statement as to the nature and character of such damages or injuries, the extent of the same, and the place where same happened, the circumstances under which it happened, the conditions causing same, and a detailed statement of each item of damages and the amount thereof and, if it be for personal injuries, whether resulting in death or not, giving a list of witnesses, if any, known to affiants who witnessed such accident.

The City of Pasadena shall not be liable to any person for damages caused from streets, ways, crossings, bridges, culverts or sidewalks being out of repair because of negligence of said City unless the same shall have remained so for a reasonable time after special notice in writing is given to the Mayor and City Council.

The City of Pasadena shall not be liable to any person for damages sustained in any park, playground or public building belonging to said City or because of any apparatus, furnishings, fixtures or improvements thereon or thereupon situated being defective or out of repair unless the same shall have remained so for a reasonable time after special notice in writing is given to the Mayor and City Council.

The City of Pasadena shall never be liable to any contractor or other person, firm or corporation doing work in connection with any street paving, or the opening and widening of streets, or the building of any drains or storm sewers, or the laying of sanitary sewers or any other character of public improvement, whereby a part or the whole of the cost thereof is to be paid for by special assessment, on account of the failure of any officer of the government or the members of the Council to pass suitable ordinances or resolutions to take necessary steps to fix liens, or to make said assessments, or to issue certificates therefor, or to provide for reassessments on account of the invalidity of any lien attempted to be fixed, or any failure or omission with respect thereto.

### Section 22. Judicial Notice.

This Charter shall be deemed a public act, and shall have the force and effect of the general law, may be read in evidence without pleading or proof, and judicial notice shall be taken thereof in all courts and places without further proof.

___

EXHIBIT 13

# Chapter 30 POLICE[1]

## *ARTICLE I. IN GENERAL*

### Sec. 30-1. Establishment and composition of department.

A police department for the city is hereby established, to be composed of a chief of police and such other police officers as prescribed by civil service rules and regulations.

(Code 1964, § 23-1)

### Sec. 30-2. Appointment of chief.

The chief of police shall be appointed by the mayor, subject to confirmation by the city council.

(Code 1964, § 23-2)

### Sec. 30-3. General powers and duties of chief and policemen.

(a)    The chief of police shall, in person or by a designated police officer, attend upon the municipal court while in session, and shall promptly and faithfully execute all writs and process issued from the court. He shall have like power with the sheriff of the county to execute warrants; he shall be active in quelling riots, disorder and disturbance of the peace within the city limits and shall take into custody all persons so offending against the peace of the city and shall have authority to take suitable and sufficient bail for the appearance before the municipal court of any person charged with an offense against the ordinances of the city. It shall be his duty to arrest all violators of the public peace, and all who obstruct or interfere with him in the execution of the duties of his office or who shall be guilty of any disorderly conduct or any disturbance whatever. To prevent a breach of the peace or preserve quiet and good order, he shall have authority to close any theatre, ballroom or other place or building of public resort. In the prevention and suppression of crime and arrest of offenders, he shall have, possess and execute like power, authority and jurisdiction as the sheriff. He shall perform such other duties and possess such other power and authority as the city council may require and confer, not inconsistent with the Constitution and laws of this state.

(b)    Each and every member of the police force shall have like powers with the chief of police, except that they shall perform their duties under the direction of and in cooperation with the chief of police.

(c)    It shall be the duty of the chief of police and the members of his force to enforce all ordinances of the city and such laws of the state as the violation of which are misdemeanors hearable in the municipal court or courts of like jurisdiction.

---

[1]Cross reference(s)—Emergency ambulance service operated by police department, § 4-16Cross reference(s)— et seq.; interfering with police officers, § 20-14Cross reference(s)—; police vehicles defined as "authorized emergency vehicles" and exempt from certain traffic regulations, §§ 36-1Cross reference(s)—, 36-13Cross reference(s)—.

---

Pasadena, Texas, Code of Ordinances
(Supp. No. 31, Update 2)

Created: 2021-03-04 15:53:53 [EST]

Page 1 of 20

EXHIBIT 13

(Code 1964, § 23-3)

Cross reference(s)—Service and execution of municipal court process by court warrant officers, § 23-21.

## Sec. 30-4. Supervision and direction of police officers.

It shall be the duty of the chief of police to supervise and direct the police officers of his department in the conduct of their offices and performance of their duties as such, and each police officer is specially charged with the duty of following the instructions of and cooperating with the chief of police.

(Code 1964, § 23-4)

## Sec. 30-5. Authority of chief to assign special duties.

From time to time, as may be found advisable, the chief of police may designate particular members of the police force to perform specific duties in addition to their general duties as police officers, and to designate a particular officer or officers to attend the municipal court and to serve warrants issued by the judge of the court.

(Code 1964, § 23-5)

## Sec. 30-5.1. Chief of police to promulgate motorcycle standards; use of personal motorcycles by police; reimbursement.

(a)     Officers of the Pasadena Police Department are authorized to use their personal motorcycles in the course and scope of employment with the Pasadena Police Department of the City of Pasadena; provided, however, such vehicles shall meet minimum specifications for police motorcycles promulgated by the chief of police.

(b)     The chief of police shall be and is hereby authorized to promulgate specifications for police motorcycles used in the course of police work with the City of Pasadena. Such regulations shall include, but are not limited to, specifications as to engine size, cooling, valve arrangement, tire size, wheel base, starter, color, and whether the motorcycle shall be equipped with saddlebags, police motorcycle equipment (red lights, electric siren, speedometer calibrated for police service, and the like). Such regulations shall be posted in the muster room and filed with the city secretary for ten (10) days before taking effect.

(c)     A police officer who works full-time on motorcycle duty and who uses his own motorcycle in the performance of his duties pursuant to this section shall be paid a monthly motorcycle allowance of three hundred dollars ($300.00) per month. A police officer receiving allowances pursuant to this section shall provide all maintenance, oil, gas, tires, red lights, electric sirens, calibrated speedometer for police service, and every other expense, except a police radio, which will be furnished by the City of Pasadena.

(d)     In no event shall the number of police officers receiving monthly allowances pursuant to this section exceed ten (10).

(Ord. No. 80-34, §§ 1—4, 3-4-80)

Editor's note(s)—Ord. No. 80-34, §§ 1—4, enacted March 4, 1980, did not expressly amend this Code; therefore, codification as § 30-3.1 has been at the discretion of the editor.

## Sec. 30-6. Duty of chief to counsel with mayor.

The chief of police shall, from time to time, counsel with the mayor.

Created: 2021-03-04 15:53:52 [EST]

(Supp. No. 31, Update 2)

EXHIBIT 13

(Code 1964, § 23-6)

## Sec. 30-7. Cooperation with sheriffs, constables, etc.

The chief of police and other police officers shall cooperate with the sheriffs, constables and other police officers of the state in apprehending and arresting persons charged with crime in other jurisdictions and found within the city.

(Code 1964, § 23-7)

## Sec. 30-8. Duty of chief with respect to warrants and writs.

The chief of police shall cause all warrants and writs of capias for fines issued by the municipal court to be served promptly after same are placed in his hands, when the person or persons for whom they are issued can be located, and returns thereof made to the judge within seven (7) days from the receipt thereof by the chief of police, showing how same have been executed, and if not executed, the reason therefor.

(Code 1964, § 23-8)

## Sec. 30-9. Execution of warrants of arrest.

Warrants of arrest are hereby authorized for all persons against whom complaints have been filed and the chief of police, his deputies, or any policeman is hereby authorized to execute same.

(Code 1964, § 23-9)

## Sec. 30-9.1. Warrant service established.

(a)    The city council finds and determines that there exists a large backlog of arrest warrants issued out of the municipal court of the City of Pasadena. Pursuant to such finding it is in best interests of justice and the citizens of Pasadena that a system be established to serve said warrants. There is hereby established a warrant service to be maintained and operated by the police department of the City of Pasadena as hereinafter provided.

(b)    The operation of such warrant service shall be under the control and supervision of the chief of police of the City of Pasadena, Texas, or such person or persons within the police department appointed by the said chief of police to supervise the operation of such warrant service.

(c)    The chief of police of the City of Pasadena, Texas, shall with the exception of his authorized representative delegated to supervise such warrant service, employ off-duty police officers to serve said warrants; provided, however, that no such off-duty police officer employed for this purpose shall ever be paid in excess of ten dollars ($10.00) per warrant served and, provided further that no such off-duty police officer so employed shall ever be entitled to additional employee benefits under article 1269m, V.A.C.S. or under any other ordinance of the City of Pasadena, Texas, by reason of such off-duty employment.

(d)    The chief of police or his delegated representative shall provide for the orderly maintenance of records and information relative to the costs to the City of Pasadena of the operation of said warrant service.

(e)    Off-duty police officers shall be paid a fee of ten dollars ($10.00) for each warrant actually executed by him.

(Ord. No. 71-310, §§ 1—5, 10-26-71)

Created: 2021-03-04 15:53:52 [EST]

(Supp. No. 31, Update 2)

EXHIBIT 13

Editor's note(s)—Ord. No. 71-310 did not amend this Code, hence inclusion herein as § 30-9.1Editor's note(s)— was at the discretion of the editors.

Cross reference(s)—City marshals, § 23-18Cross reference(s)—.

## Sec. 30-10. Arrests without warrant.

(a)   A police officer of the city may arrest an offender, without a warrant, for any offense committed in his presence or within his view.

(b)   A police officer of the city may arrest, without warrant, when a felony or breach of the peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender.

(c)   A police officer of the city may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten to or are about to commit some offense against the laws of the city or state.

(d)   Where it is shown by satisfactory proof to a police officer of the city, upon the representation of a credible person that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such police officer may, without warrant, pursue and arrest the accused.

(Code 1964, § 23-10)

State law reference(s)—Similar provisions, Vernon's Ann. C.C.P. arts. 14.01—14.04.

## Sec. 30-11. Police docket.

The chief of police shall keep or cause to be kept under his direction a police docket upon which shall be entered the name of each person arrested, with or without warrant, time of arrest, nature of charge, when released and whether upon appearance bond or by order of the judge of the municipal court, and such other information as may be pertinent, including the amount of any fine and costs collected. Such docket shall be open to the inspection of the judge of the municipal court and the mayor at all times, and also open for inspection of the public during hours when the City Hall is open for the transaction of business.

(Code 1964, § 23-12)

## Sec. 30-12. Authority of chief to accept bonds and release prisoners.

The chief of police shall have authority to accept appearance bonds from any person charged with violating a law or ordinance of the city and to release such person under such bond at any time prior to trial of such person. After trial of such person, he shall be released only after payment of any fine or costs assessed, or upon order of the judge of the municipal court, or upon appealing from the municipal court, in which appeal bond has been presented to and approved by the judge.

(Code 1964, § 23-11)

## Sec. 30-13. Regulations of chief governing computation of time to be served by and working of prisoners.

(a)   The chief of police shall and is hereby authorized to promulgate regulations governing the computation of time to be served by any person who has been convicted in the municipal court for the violation of any law

EXHIBIT 13

of the state or any ordinance of the city and who has been committed to the city jail in default of the payment of the fine or costs adjudged against him. In the promulgation of such regulations, the chief of police may and is hereby authorized to provide that any person who has been committed to the city jail as herein provided, may be allowed to labor in the furtherance of public works for a sufficient number of days to liquidate such fine and costs.

(b)   The chief of police shall publish the regulations promulgated under this section in the official newspaper of the city, but in no way shall such regulations conflict with the laws of the state, the ordinances of the city or the orders of the municipal court of the city.

(Ord. No. 67-1986, §§ 1—3, 8-1-67)

## Sec. 30-14. Chief to determine whether or not prisoner allowed to work.

The chief of police shall be the sole judge as to whether or not any prisoner who has asked to be allowed to work pursuant to regulations promulgated under section 30-13 shall be allowed to do so.

(Ord. No. 67-1986, § 4, 8-1-67)

## Sec. 30-15. Supervision of working prisoners; maximum work hours.

Any prisoner who is allowed to labor pursuant to regulations of the chief of police shall be worked under the supervision and control of the chief of police or some person detailed by the chief for that purpose; provided that such prisoner shall not be required to work or allowed to work more than eight (8) full hours during any one twenty-four (24) hour period.

(Ord. No. 67-1986, § 5, 8-1-67)

## Sec. 30-16. Minimum credit to be given prisoner for work.

Every prisoner who is allowed to labor by the chief of police shall receive a credit of no less than one (1) day jail-time, in addition to that which he has served, for each day he is allowed to work.

(Ord. No. 67-1986, § 6, 8-1-67)

## Sec. 30-17. Reserved.

Editor's note(s)—Ord. No. 83-187, § 1, adopted July 5, 1983, repealed § 30-17Editor's note(s)—, relative to conditions for reimbursement, which section derived from Ord. No. 78-32, § 1, adopted March 7, 1978.

## Secs. 30-18—30-26. Reserved.

## *ARTICLE II. CLASSIFICATION PLAN FOR CLASSIFIED SERVICE*[2]

---

[2]Cross reference(s)—Municipal court warrant officers not under civil service, § 23-20.

State law reference(s)—Civil service for city policemen, Vernon's Ann. Civ. St. art. 1269m; classification of policemen generally, art. 1269m, § 8.

---

EXHIBIT 13

## Sec. 30-27. Definitions.

For the purposes of this article, the following words and phrases shall have the meanings ascribed to them in this section:

*Allocate* means the act of assigning each position to its proper class.

*Class* means a position or group of positions that involves similar duties and responsibilities and requires similar qualifications and which is properly designated by one title indicative of the nature of the work.

*Classification plan* means and consists of the following:

(1)     A grouping into classes of positions which are of approximately equal difficulty and responsibility.

(2)     Class titles, descriptive of the work of the class, which will identify each class.

(3)     Written class specifications for each class of positions containing a description of the nature of work and/or the relative responsibility of the positions in the class, illustrative examples of work performed in the class, requirements in terms of knowledge, skills and abilities necessary for performance of the work and a statement of experience and training desirable for recruitment into the class.

*Classified service* shall include members of the police department of the city, as defined under "policeman" below; provided that the chief or head of the police department shall not be included within the classified service.

*Commission* means the policemen's civil service commission of the city.

*Director* means the director of policemen's civil service designated by the civil service commission to act in the capacity of secretary to the commission and director of civil service.[3]

*Policeman* means one who engages in the actual enforcement of laws and the maintenance of public order.

*Position* means a group of current duties and responsibilities, assigned or delegated by competent authority, requiring the services of an employee.

*Vacancy* means a position, duly created, which is not occupied and for the filling of which a valid requisition has been received by the director.

(Code 1964, § 23-21)


## Sec. 30-28. Adopted.

The city council hereby establishes and adopts the following classification plan as the official classification plan of all positions in the classified service of the city. The classified employees of the city police department are hereby divided into nine (9) classes to be known as Grade 1, Grade 2, Grade 3, Grade 4, Grade 5, Grade 6, Grade 7, Grade 8 and Grade 9. The following positions in the police department, which are hereby created, shall be classified as follows:

(1)     Grade 1: Vacant.

(2)     Grade 2: Patrolman; motorcycle patrolman.

(3)     Grade 3: Radio dispatcher; desk sergeant.

---

[3]Cross reference(s)—Director of personnel designated as available officer for designation as civil service director, § 2-42Cross reference(s)—.

Created: 2021-03-04 15:53:53 [EST]

(Supp. No. 31, Update 2)

EXHIBIT 13

(4)    Grade 4: Sergeant; detective sergeant.

(5)    Grade 5: Lieutenant; detective lieutenant.

(6)    Grade 6: Captain; detective captain; superintendent of identification and records.

(7)    Grade 7: Inspector of police.

(8)    Grade 8: Assistant chief of police.

(9)    Grade 9: Deputy chief of police.

(Code 1964, § 23-22; Ord. No. 1660, 12-22-64; Ord. No. 1842, § 1, 8-9-66)


## Sec. 30-29. Class specifications—Generally.

The specifications for the classes in the classified plan, being the official statement of the duties, responsibilities and requirements of each such class, shall be as adopted from time to time by the city council and nothing in this Code or the ordinance adopting this Code shall be deemed to affect the validity of any ordinance adopting or approving such specifications.


## Sec. 30-30. Same—Maintenance; contents.

The director shall cause to be maintained in the office of the commission, in looseleaf or other suitable form, accurate, complete and up-to-date specifications for every class of positions in the classified service. These specifications shall include:

(1)    The title of the class.

(2)    A statement of the duties performed and the responsibilities exercised by each class of positions.

(3)    Examples of tasks performed by employees holding positions within the class.

(4)    The minimum and desirable qualifications required of an incumbent for the satisfactory performance of such duties and tasks and the exercise of such responsibilities.

(Code 1964, § 23-24)


## Sec. 30-31. Same—Interpretation.

The specifications for the various classes of positions are hereby declared to have the following force and effect:

(1)    The specifications are descriptive only and are not restrictive. They are intended to indicate the kinds of positions that should be allocated to the respective classes as determined by their duties, responsibilities and qualification requirements. The use of a particular expression or restriction as to duties, qualification requirements or other attributes shall not be held to exclude others not mentioned, if such others are similar as to kind and quality.

(2)    In determining the class to which any position shall be allocated the specification for each class shall be considered as a whole. Consideration is to be given to the general duties, the specific tasks, the responsibilities, the special and desirable qualifications and the relationships to other classes as affording a picture of the positions that the class is intended to include.

(3)    Titles, as far as possible, are intended to be suggestive of the kind of work performed by the incumbent of the position and indicative of the rank.

Created: 2021-03-04 15:53:53 [EST]

(Supp. No. 31, Update 2)

EXHIBIT 13

(4)     The duties statement shall be construed as a general description of the kind of work performed by the incumbent of a position that is properly allocated to the class and not as describing or limiting what the duties of any position shall be.

(5)     The examples of work shall be construed as typical tasks only, illustrative of the duties as outlined by the general statement. These examples are not intended to be complete or exclusive and the fact that the actual tasks performed by the incumbent of a position do not appear thereon shall not be taken to mean that the position is necessarily excluded from the class, provided that the tasks constituting the main work or employment are duly covered by the general statement of the duties. Any one example of a typical task taken without relation to the general statement of duties and all other parts of the specifications shall not be construed as determining whether a position should be allocated to the class.

(6)     The statement of special and desirable qualifications constitutes a part of the description of the kind of employment by expressing the minimum and desired qualifications expected of any new appointee if he is to perform the work properly, and is to be so construed and not as imposing in itself any new additional requirements for the filling of positions. Even though they may not be mentioned in the qualifications statement, such qualifications as should be properly required in common of all incumbents of all positions, such as good physical health, freedom from defects, citizenship, honesty, sobriety, and industry are to be considered as part of the qualification requirements.

(Code 1964, § 23-25)

## Sec. 30-32. Number of positions to be shown by annual budget.

The number of positions in each class of the classified plan shall be shown by the annual budget of the city.

(Code 1964, § 23-26; Ord. No. 1660, 12-22-64)

## Sec. 30-33. Allocation of positions to classes.

The director shall allocate each position in the classified service to its appropriate class in the classification plan. Such allocation shall be based on the duties and responsibilities of the present incumbents of such positions and shall be entered on the official roster cards maintained by the commission. The title of the class shall forthwith become the title of such individual positions and shall be used in payrolls submitted to the proper disbursing officer, and in requests to the commission for the certification of eligibles, in reports made to the commission as provided by the rules and regulations of the commission and in any other official records and communication of the commission and of all budget and financial officers.

(Code 1964, § 23-27)

## Sec. 30-34. Designation of new classes; combining, dividing, altering or abolishing classes.

(a)     The city commission reserves to itself the sole right to designate new classes of positions, or combine, divide, alter or abolish existing classes, subject only to the provisions of the Civil Service Law and this article.

(b)     Whenever a new position should be established or the duties of an existing position are so changed that, in effect, the old position as described in the class specification for the class to which it was originally allocated no longer exists and in its place there is created a position which should be allocated to a different class, the director, in consultation with the department heads, shall report this fact to the commission and send in, on the commission's prescribed form, a full statement of the circumstances and a description of the duties as changed or as set up. Upon the recommendation of the commission, after a full investigation of the actual

Created: 2021-03-04 15:53:53 [EST]

(Supp. No. 31, Update 2)

EXHIBIT 13

and proposed duties, responsibilities and qualification requirements, the city council may allocate or reallocate the position to its appropriate class in accordance with the classification plan then in effect. If necessary, a new class shall be established to provide for the new position. The commission shall likewise, from time to time of its own motion, make investigations of any or all positions in the classified service and shall, in accordance with this article, make recommendations to the city council for the allocation of positions whenever the facts are such as to warrant such action.

(Code 1964, § 23-28)

## Sec. 30-35. Appeals from allocations.

If an employee believes that his position has been improperly allocated, he may protest by presenting his reason therefor upon such forms or documents as the director may prescribe. The claim shall be investigated by the director and the commission and then referred to the city council for its decision, which shall be final.

(Code 1964, § 23-29)

## Sec. 30-36. Status of incumbents when positions reallocated.

If a position at any time is reallocated to a different class to correct an error in the original allocation, the incumbent shall continue in the position without tests or other proofs of fitness. If a position is reallocated to another class on account of changed duties and responsibilities, the incumbent may, upon written recommendation of the department head, the passing of a noncompetitive examination given by the director, and approval of the commission, continue in the position. This shall not obtain in the event an employee is actually transferred to another position involving substantially different or higher qualifications, but only in those cases where new duties and responsibilities have been added or absorbed by the incumbent in addition to his regularly assigned work.

(Code 1964, § 23-30)

## Sec. 30-37. Investigations of plan.

The director shall, at least once every two (2) years, investigate and report to the commission and to the city council upon the appropriateness of the class titles assigned to each position in the classified service. Such investigation, either by the director or by any member of the commission so designated, shall further determine whether any employees in one class are performing duties regularly assigned to positions in another unrelated class.

(Code 1964, § 23-31)

## Sec. 30-38. Compensation.

Nothing in this Code or the ordinance adopting this Code shall affect any ordinance prescribing the compensation or pay

of any member of the classified service and all such ordinances are hereby recognized as continuing in full force and effect to the same extent as if set out at length in this Code.

## Secs. 30-39—30-48. Reserved.

EXHIBIT 13